Jones, Oliver B., J.
The parties stand in this court in the same position they held in the court below. The action is one by David J. James for malicious prosecution, resulting from the arrest of plaintiff in April, 1914, caused by defendant, in the municipal court of Cincinnati, on the charge of defrauding an innkeeper.
*163 At the close of plaintiff’s testimony, the court, on motion of defendant, directed a verdict in its favor. These error proceedings are brought to secure a reversal of that judgment.
While it was said in Fortman v. Rottier et al., 8 Ohio St., 548, 550, that it was essential in an action for malicious prosecution that it must be shown not only that the prosecution complained of was at an end, but that “it must also appear that the plaintiff was acquitted of the charge,” the later cases of Douglas v. Allen, 56 Ohio St., 156, and Gaiser v. Hurleman, 74 Ohio St., 271, 275, hold that it is sufficient to show that the prosecution was legally terminated before the commencement of the action.
The final journal entry in the case in the municipal court, which was produced in evidence, is as follows:
“This cause coming on for hearing upon the affidavit and warrant filed herein, defendant being in open court and arraigned; and after examination the court do order said defendant to pay the costs of warrant. Costs paid.”
The court refused to permit the plaintiff to answer this question: “Were you actually dismissed from that court?” To this ruling plaintiff excepted and made tender of proof that plaintiff, if permitted to answer, would have stated that he was dismissed. Evidence was introduced, however, by the testimony of the deputy clerk of the municipal court, who produced and identified the judge’s and clerk’s dockets of the municipal court, each of which showed the notation as to said case to be: “Dis *164 missed for want of prosecution. Costs of warrant.”
Defendant below and the trial court evidently relied upon the case of Grosse v. Oppenheimer et al., 11 C. C., N. S., 374. That case was decided upon demurrer, the petition alleging “that the said cause was terminated * * * by said plaintiff being obliged to pay the costs of said prosecution,” and the court there held that such an entry must be construed to mean “that she was found guilty of the charge and fined the costs.”
That case however is not identical with the instant case. Here, while the journal entry is indefinite and ambiguous as to whether the court found that the defendant was guilty or not guilty of the charge made, the explanation given by the evidence offered, especially the entries in both the judge’s and clerk’s dockets, shows that the defendant was dismissed. This evidence was admitted without objection or exception from the defendant, and it was competent. .
“Although the usual method of proving the proceedings of a court is by the record as completed and extended, it has frequently been held that the minutes or memoranda upon the docket of the clerk of the court or the magistrate are competent evidence of an order or proceeding in court, in case the extended record has not been made. The docket is the record, until the record is fully extended; and the same rules of verity apply to it as to the record. Every statement therein is deemed to have been made by the direction of the court.” 3 Jones Commentaries on Evidence, Section 621.
*165 See also W., A. & G. Steam-Packet Co. v. Sickles et al., 24 How. (65 U. S.), 333.
In the opinion of this court it was error in the trial court to refuse to permit the plaintiff to testify as to the fact of his dismissal, considering the equivocal or ambiguous entry found in the journal. It seems well settled that such an entry may be explained by parol evidence. 1 Freeman on Judgments (4 ed.), Sections 273, 274 and 275; Russell v. Place, 94 U. S., 606, 608; Leopold v. City of Chicago, 150 Ill., 569, 574; Lyman v. Becannon, 29 Mich., 466; Walker v. Chase, 53 Me., 258, and Foye v. Patch, 132 Mass., 105.
As to the right to explain a judgment by parol evidence, see also Parsons v. Ohio Pail Co. et al., 6 C. C., N. S., 116.
The court erred in directing-a verdict for the defendant, and the judgment is therefore reversed and the cause remanded for a new trial.

Judgment reversed, and cause remanded.

Jones, E. H., P. J., and Gorman, J., concur.