ELLIS, APPELLEE, *v.* ELLIS, APPELLANT.

(No. 488—Decided January 19, 1953.)

*Mr. Gerald P. Openlander,* for appellee.
*Messrs. Taylor, Cruey & Kelb,* for appellant.

Fess, J. This is an appeal on questions of law from an order of the Common Pleas Court entered after hearing on a motion of the plaintiff-appellee for an order to construe and implement certain provisions of a divorce judgment, with a separation agreement incorporated therein, entered at a prior term on August 15, 1951.

Pursuant to the terms of the separation agreement, defendant conveyed to plaintiff two parcels of real estate located in Lucas county, Ohio. With respect to this property, the separation agreement provides as follows:

"In the event the wife decides to sell either of the aforementioned properties and receives a bona fide offer for the same which she desires to accept, the husband shall have the right to purchase said property at the price and upon the terms provided for in said offer within five (5) days of receipt of written notice of such offer. In the event such right is not exercised by the husband within five (5) days of such notice, the wife shall be free to accept said offer and dispose of said property. If the husband elects to purchase said property he shall do so by executing and delivering to the wife a binding agreement to purchase such prop-

erty upon the same terms and conditions as contained in said offer and shall thereupon comply with the same.''

On April 29, 1952, plaintiff advised defendant that she desired to sell one of the parcels of real estate in accordance with the terms of an offer to purchase it for the sum of $56,000, which offer she had received from one Overmyer. On May 1, 1952, defendant offered in writing to purchase the property from plaintiff on the same terms and conditions of the offer of Overmyer, to wit, for the sum of $56,000 payable $100 therewith, $2,500 upon acceptance of the offer, and the balance upon the date of closing, the ''real estate commission, if any, to be paid by seller.'' On May 6, 1952, plaintiff accepted such offer and acknowledged receipt of $2,500.

Thereafter, a disagreement arose between the parties with respect to deducting from defendant's offer an amount equal to a broker's commission. On May 13, 1952, defendant was advised by his attorney that the title to the property was approved. On May 17, 1952, plaintiff filed a motion for a citation for contempt upon the ground that defendant had failed to comply with the terms of the original decree by failing to complete the payment of the purchase price. Upon appeal from an order adjudging defendant in contempt, such judgment was reversed, and the cause was remanded with directions to discharge the defendant.

On August 6, 1952, plaintiff filed her motion herein, alleging in substance that defendant had stated he would not pay the full purchase price contained in the Overmyer offer and he insisted he be allowed to purchase the property without payment of the broker's commission; that defendant had cast a cloud on the title of the premises by placing on record in the recorder's office of Lucas county certain letters between himself and plaintiff; and that, incident to the pos-

sible sale of the other parcel of property covered by the separation agreement, it was desirable and necessary for the court to construe and implement the original decree as regards the rights of the parties in connection therewith, and to define the rights of the defendant and the length of time within which he should complete the purchase of either parcel of property. Plaintiff prayed for an order construing the decree, defining the rights of the parties and any third party offering to purchase the real estate, fixing the length of time which may elapse before the defendant may lose his right to purchase said property, and, if necessary, implementing the final decree to such extent as may be necessary. The judgment from which this appeal was taken was entered upon this motion on September 13, 1952. In the judgment, the court found that the wording of the paragraph of the separation agreement is plain and clear; that the words, "and shall thereupon comply with same," should be construed to mean that, in the event defendant should exercise his option to purchase, he thereby agreed to purchase such real estate in strict accordance with the terms and conditions of any offer made by any third person; and that upon the showing of good title in the plaintiff the defendant should "immediately and in no event more than three days after the showing of good title in the plaintiff, complete the transaction in strict accordance with any agreement which may have been executed by him," such construction to apply to both parcels of real estate mentioned in the settlement agreement.

The court found further that under date of May 13 the defendant was notified by his attorney that plaintiff had good title to the premises; that plaintiff in open court had tendered to the defendant a good and sufficient deed for the premises; that defendant for a period of four months had failed and refused to pur-

chase the same in accordance with his offer and in accordance with the terms of the settlement agreement; that by virtue thereof the defendant lost any and all right which he may have had to purchase such real estate; and that the plaintiff is free to sell and transfer the real estate to Overmyer free and clear of any right the defendant may have therein.

The court found further that the plaintiff suffered damages by virtue of the defendant's failure to complete his agreement, but made no finding as to the right of plaintiff to retain the entire sum of $2,600 deposited by defendant, or as to the extent of damages suffered by plaintiff.

No specific reservation of continuing jurisdiction was made in the original decree.

Beyond peradventure of doubt, a court has no jurisdiction to modify a divorce judgment after term, except for fraud or upon other grounds enumerated in Section 11631, General Code. *Law* v. *Law*, 64 Ohio St., 369, 60 N. E., 560; *Kettenring* v. *Kettenring,* 29 Ohio App., 62, 163 N. E., 43; *Jelm* v. *Jelm,* 155 Ohio St., 226, 98 N. E. (2d), 401, 22 A. L. R. (2d), 1300. A judgment concludes all matters that were controversial between the parties prior to its rendition and substitutes new obligations upon the parties, based upon antecedent but recently ascertained rights and duties. It must be regarded as final and conclusive of the litigated matters therein adjudged. The salutary principle of the finality of judgments has long been recognized by the courts as well as the people through the General Assembly. Under the Ohio General Code, it is only in exceptional instances, specifically set forth, that the judgment of any court may be affected by any subsequent proceeding after term. Cf. *City of Cincinnati* v. *Cincinnati Inclined Plane Ry. Co.,* 56 Ohio St., 675, 47 N. E., 560.

The contract incorporated in the original decree pro-

vides that, upon executing and delivering a binding agreement to purchase the property, the husband "shall thereupon comply with same." In the judgment from which this appeal was taken, the court, in an attempt to construe the quoted phrase, actually amended the agreement to provide "immediately and in no event more than three days after the showing of good title in the plaintiff." Assuming (but not deciding) that the court in which a divorce judgment is entered has jurisdiction at a subsequent term on application of one of the parties to construe its former judgment, in the absence of evidence disclosing a contrary intention on the part of the parties, the court in the instant case, by way of construction, could only determine that compliance was required within a reasonable time in the light of the circumstances existing at the time of the exercise of the option.

In the light of all the facts and surrounding circumstances, it is our opinion that the trial court erred in determining that a reasonable time was not more than three days, and in terminating all right, title and interest of the defendant in said real estate.

We have found no authority supporting the proposition that a court in which a divorce judgment is entered may, at a subsequent term upon application in the same case, enforce provisions of its former decree. With respect to judgments for alimony only, the court has continuing jurisdiction to enforce payment because jurisdiction is expressly or impliedly reserved. *Meister* v. *Day,* 20 Ohio App., 224, 151 N. E., 786. Likewise, where a decree of divorce provides for the support of minor children, the jurisdiction of the court is continuing in character, and no express reservation in the decree is necessary to support such continuing jurisdiction. *Corbett* v. *Corbett,* 123 Ohio St., 76, 174 N. E., 10; *Tullis* v. *Tullis,* 138 Ohio St., 187, 34 N. E. (2d),

212. A court of chancery has power to entertain an action which has for its purpose the enforcement of a judgment previously rendered, in order that complete justice may be done to the parties in interest as the exigencies of the case may require. 31 American Jurisprudence, 367, Section 888; *Degenhart* v. *Harford,* 59 Ohio App., 552, 18 N. E. (2d), 990; *Local Loan Co.* v. *Hunt,* 292 U. S., 234, 78 L. Ed., 1230, 54 S. Ct., 695, 93 A. L. R., 195.

With respect to judgments in general, in 49 Corpus Juris Secundum, 1072, Section 585, it is said that the rule with reference to the court's loss of jurisdiction over its judgments after term merely bars the court's right to alter, modify or change them but does not preclude their enforcement as originally rendered. The author cites *Lincoln Bldg. & Loan Assn.* v. *Humphrey, Judge,* 274 Ky., 359, 118 S. W. (2), 736, which was an equity case in which the court expressly retained jurisdiction.

Although no authorities directly in point have come to our attention, it would seem to follow that where a divorce judgment contains provisions with respect to property rights *in futuro* or of an executory nature, the court entering the judgment would likewise have continuing jurisdiction, impliedly reserved, to enforce or implement the rights secured by such provisions. Since the defendant has appeared in the present proceeding, the question of jurisdiction of the person is not presented.

Although the jurisdictional question is not free from doubt, we reach the conclusion that upon an appropriate application and evidence in support thereof, a court which at a prior term has entered a divorce judgment has jurisdiction to enter a judgment ancillary in nature to enforce compliance with the terms of the original judgment. Since the motion in the in-

stant case has the attributes of a petition for specific performance, it is equitable in nature and should be determined upon equitable principles.

In the interests of justice between the parties, equitable considerations require that a reasonable time be given to defendant to complete the contract of purchase. Under the facts presented by the record before us, we conclude that the defendant should be given 30 days from the entry of the judgment in this court to comply with the terms of his agreement to purchase the property in question by the payment of the balance of the purchase price, $53,400, upon delivery to him of a good and sufficient deed, and that in event of failure of defendant to make such payment within said period of 30 days he shall forfeit any and all rights with respect to the premises in question and his agreement to purchase pursuant to the provisions of the divorce judgment.*

*Judgment accordingly.*

CONN and SAVORD, JJ., concur.

---

*The writer of the opinion seriously doubts the jurisdiction of the Court of Appeals to enter an order upon an appeal on questions of law only in compliance with the finding in the last paragraph, and is of the opinion that the court could only reverse the judgment below.