STUDLEY, N.B.M. THOMAS,
APPELLANT,
*v.* STUDLEY ET AL., APPELLEES.

(No. 50436 — Decided
May 5, 1986.)

*Marshall J. Wolf* and *Deborah R. Akers,* for appellant.
*Randall M. Perla,* for appellees.

ANN McMANAMON, J. Wanda Studley, the plaintiff below, appeals a summary judgment which determined that her nine-year-old daughter Holly was not entitled to certain life insurance proceeds payable upon the death of the child's father. The plaintiff's appeal is well-taken.

The plaintiff divorced John Raymond Studley on April 14, 1975. At that time it is undisputed that Studley carried a contributory group life insurance policy with his employer Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("Merrill, Lynch") as well as a $10,000 Metropolitan policy on his life.

The divorce journal contained the following directives concerning defendant's then-extant life insurance:

"IT IS FURTHER Ordered, Adjudged and Decreed that in accordance with the Agreement of the parties concerning several policies of insurance issued upon defendant's life which remain in full force and effect that the husband shall designate forthwith and thereafter maintain the child of the parties as primary, irrevocable beneficiary in said policies. The husband shall keep or cause to be kept said policies of insurance in full force and effect, free and clear of any additional encumbrances and he shall not transfer or assign said policies or any interest therein. With respect to a presently existing $500 loan against

1

one of said insurance policies, the husband is ordered to pay said loan according to its terms and hold the wife and child harmless thereon."

Although Studley filed objections to various aspects of the divorce journal entry, he did not challenge that portion which refers to the "several policies of insurance."

Seven years after the divorce Studley met his death in an accident. It was then that Wanda Studley learned that her former husband left only the Metropolitan insurance policy in the amount of $10,000, for the benefit of his daughter. In other life insurance, worth at least $300,000 and possibly exceeding $600,000, his parents were the named beneficiaries.

The plaintiff entered several motions in the Studley divorce case including a request to substitute the executrix of John Raymond Studley's estate and the decedent's father, Roger Studley, as party-defendants, as well as to show cause and for other relief. Wanda Studley's contempt claim cited the decedent's failure to designate and maintain his daughter as beneficiary on his various life insurance policies.

The defendants moved for declaratory relief, requesting the court to construe the divorce judgment entry, which they characterized as ambiguous. The claimed ambiguity is allegedly demonstrated by a portion of the statement read into the record at a referee's hearing before the divorce. The controversial statement specified one particular policy (the $10,000 policy naming Holly Studley) while also using the language "policy or policies."

The defendants also sought a summary judgment on the basis that the divorce journal only referred to policies in effect at the time of the divorce, so that any subsequently acquired policies could not be considered to be for the benefit of Holly Studley.

At the time of the divorce Studley was employed by Merrill, Lynch and maintained life insurance through the firm in addition to the $10,000 policy eventually paid to his daughter. After the divorce, he left Merrill, Lynch and ultimately was employed by Kidder, Peabody, Inc. Studley cancelled the Merrill, Lynch policies in effect at the time of the divorce and obtained insurance through his new employer. Once again the decedent named his parents as beneficiaries.

The trial court overruled plaintiff's motion for contempt and entered summary judgment for defendants. The court had before it admissions by the defendants that more than one policy was in effect at the time of the divorce as well as evidence of payroll deductions for such insurance at that time. The court did not conduct a hearing on defendants' motions, nor did plaintiff oppose the motion. The judgment entry read, in pertinent part:

"Counsel for the plaintiff does not furnish or identify any policy other than Metropolitan Life (No. 656 628 488 A) which was in effect during the time of the decedent [sic] Defendant's employment with Merrill Lynch.

"Subsequently, the decedent-defendant [sic] acquired coverage through three (3) insurance policies, viz., Equitable Life, Manhattan Life and INA Group.

"By the Judgment Entry, decedant-Defendant [sic] was 'to keep or cause to be kept said policies of insurance in full force and effect.'

"The Metropolitan Life Policy is not an issue since the minor child, Holly, has been paid as the beneficiary.

"Plaintiff's motion to show cuase [sic] is overruled.

"Motion for declaratory judgment and summary judgment (No. 70358) is granted."

From this order, the plaintiff timely appeals, alleging two assignments of error.[1]

For her first assignment of error, plaintiff contends that the court erroneously granted a summary judgment based upon an incorrect finding of fact that only one life insurance policy was in effect at the time of the divorce. This assignment is well-taken.

Civ. R. 56(C) provides:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

As stated, the record reflects that the court had before it evidence in defendants' brief in opposition to plaintiff's show cause motion that John Raymond had insurance on his life through Merrill, Lynch at the time of the divorce. Accordingly, there was no question but that there was other insurance in force during the time of Studley's employment with Merrill, Lynch.

An examination of the record discloses that on November 22, 1974, the decedent removed his daughter as beneficiary of his contributory group life policy with Merrill, Lynch and named his parents in her stead. Four months later the divorce decree ordered Studley to designate and maintain Holly as the primary and irrevocable beneficiary of his then-extant life insurance policies. Studley neither contested nor followed the court's order.

It is undisputed that Studley changed his employment and cancelled the Merrill, Lynch insurance he carried on the date of the divorce. We hold that his actions in acquiring new insurance and designating his parents as the beneficiaries cannot defeat the irrevocable rights imparted to his daughter by the divorce decree.

In disposing of a similar matter, the Second District Court of Apppeals held:

"Upon the ultimate question in this case, the equities are clearly with the plaintiffs. The separation agreement by which the insured agreed to keep the policy in force for the benefit of his children was supported by a valuable consideration, and thereafter carried into a formal decree of the court in the

---

[1] Appellant's assignments of error are:

"I

"The trial court erred in granting appellee's [sic] motion for summary judgment because the sole ground for said summary judgment was an erroneous finding of fact adverse to appellant.

"II

"The trial court erred in failing to grant summary judgment in favor of appellant because, if the erroneous finding were corrected, and if all evidence had then been construed most strongly in favor of appellees, reasonable minds could have come to but one conclusion, and that conclusion would have been adverse to appellees; there would have been no genuine issue as to any material fact; and appellant would have been entitled to judgment as a matter of law."

divorce action. By this agreement and this decree, the insured estopped himself from invoking the privilege of changing the beneficiary under the policy as fully as if his designation of the plaintiff was set forth in an irrevocable clause in the policy. * * *" *Campbell* v. *Prudential Ins. Co.* (1955), 73 Ohio Law Abs. 262, 267, 137 N.E. 2d 515, 519.

See, also, *Bank One Trust Co.* v. *Transamerica Life Ins. Corp.* (1982), 5 Ohio App. 3d 236, 239, 5 OBR 523, 526, 451 N.E. 2d 542, 545 (Whiteside, J., concurring) (" 'the beneficiary secures a vested interest which may not be defeated by the insured attempting to change the beneficiary' ").

Defendants have contended that the only issue before the trial court was the interpretation of an ambiguous judgment entry, and that it was within the court's discretion to interpret the journal entry as it did. In this respect, defendants contend that since the same judge who made the original entry was the judge who later interpreted it, this particular judge was best suited to "remember" what the entry meant. However, as Civ. R. 58 clearly points out, it is the journalized entry of the court which alone has judicial effect. Thus, it is the court's recorded entry, not the subjective awareness of the particular judge presiding, which is the basis of this appeal.

We therefore reject defendants' proposition that they are entitled to judgment as a matter of law. As we have noted, the judgment entry was not the only evidence before the court putting the question of multiple insurance policies in issue, since the defendants admitted that John Raymond Studley was covered through Merrill, Lynch at the time of his divorce. Thus, there were material facts in issue, making summary judgment for the defendants inappropriate. Moreover, even if the only issue before

the court were the interpretation of an ambiguous journal entry — subjecting our review to a determination of whether the court abused its discretion — the same evidence would require us to find an abuse of discretion in interpreting the entry in the manner which the court did.

Hence, factually and legally, defendants were not entitled to summary judgment. Since the divorce decree gave Holly Studley a vested interest in the policies effective at the time of the divorce, the issues on remand will necessarily involve a review of those policies and a determination of their potential proceeds, if any. Whether Holly's rights are to be enforced through direct payment by the estate, or by a constructive trust on the existing proceeds, is a matter also left to the trial court. Accordingly, plaintiff's first assignment of error is well-taken.

For her second assignment of error, Wanda Studley urges that the trial court erred in not granting her summary judgment even though she made no motion for such relief.

Plaintiff relies on the 1973 Supreme Court case of *Houk* v. *Ross* (1973), 34 Ohio St. 2d 77, 63 O.O. 2d 119, 296 N.E. 2d 266, which held that summary judgment could be granted in favor of a nonmoving party "where all the evidence material to the issue being litigated is before the court, and the record shows that no genuine issue as to any material fact exists and that the nonmoving party is entitled to judgment as a matter of law." *Id.* at paragraph one of the syllabus.

Recently, the Supreme Court has held that "Civ. R. 56 does not authorize courts to enter summary judgment in favor of a nonmoving party." *Marshall* v. *Aaron* (1984), 15 Ohio St. 3d 48, 15 OBR 145, 472 N.E. 2d 335, syllabus. While *Houk* was not mentioned in *Marshall*, we must

assume that the latter pronouncement implicitly overrules the former.

Moreover, even if *Houk* were still extant in some form — which is for the Supreme Court to decide — our decision would be the same. Even if a court could grant summary judgment in favor of a nonmovant, all parties still remain free to avail themselves of the procedural devices of the Civil Rules. Thus, a party who has not elected to move for summary judgment cannot subsequently predicate error on his own omission. See *State* v. *Williams* (1977), 51 Ohio St. 2d 112, 5 O.O. 3d 98, 364 N.E. 2d 1364. Finally, we have already stated that, even though other policies did exist, there are factual questions remaining with respect to the terms and proceeds of those policies, which make summary judgment inappropriate.

Plaintiff's second assignment of error is not well-taken.

Judgment reversed and remanded.

*Judgment accordingly.*

KRUPANSKY, J., concurs.

PATTON, J., dissents.

PATTON, J., dissenting. Although I concur with the majority with respect to the second assignment of error, I must respectfully dissent from the majority's finding that the trial court erred in granting appellees' motion for summary judgment.

The issue in this case is what insurance was the deceased required to maintain for his child pursuant to the terms of the divorce decree. The transcribed separation agreement which was incorporated into the divorce decree referred to only one policy — the Metropolitan Life policy. In contrast, the judgment, which is used to memorialize the separation agreement, incorporated the agreement but then ordered the decedent to designate his child as beneficiary of several policies.

It is admitted on the record that the decedent's insurance policies with Merrill, Lynch were in existence at the time of the divorce. However, nothing in the two divorce documents contains any reference to insurance through an employer. In addition, after examining the post-decree motions, the same trial judge who handled the divorce and original judgment found that appellant's counsel did not "furnish or identify any policy other than Metropolitan Life (No. 656 628 488 A) which was in effect during the time of the decedant [*sic*] Defendant's employment with Merrill Lynch." The trial court did not deny the *existence* of other policies but rather stated that appellant failed to identify any policy other than Metropolitan Life to be included in the judgment.

Ohio law clearly states that a judgment may be interpreted if it is ambiguous. *Dorsky* v. *Dorsky* (Dec. 10, 1981), Cuyahoga App. No. 43587, unreported (citing to *James* v. *The Hotel Honing Co.* [1916], 6 Ohio App. 162; *Ellis* v. *Ellis* [1953], 94 Ohio App. 339, 52 O.O. 14, 115 N.E. 2d 180; *Hofer* v. *Hofer* [App. 1940], 35 Ohio Law Abs. 486, 42 N.E. 2d 165). Therefore, the trial court in the case *sub judice* had the power to interpret its own judgment of the divorce decree based upon all the facts of the case.

This court will not reverse absent an abuse of discretion. In *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142, the term was defined as follows:

"The term 'abuse of discretion' was defined by this court in *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157 [16 O.O. 3d 169]:

" 'The term "abuse of discretion" connotes more than an error of law or

6

judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Steiner* v. *Custer* (1940), 137 Ohio St. 448 [19 O.O. 148]; *Conner* v. *Conner* (1959), 170 Ohio St. 85 [9 O.O. 2d 480]; *Chester Township* v. *Geauga Co. Budget Comm.* (1976), 48 Ohio St. 2d 372 [2 O.O. 2d 484].' ''

In the case *sub judice,* it is my considered opinion that the appellant has failed to meet her burden to establish abuse. The appellant has not demonstrated that the trial court was arbitrary or unconscionable in finding that the divorce decree only required the decedent to maintain the Metropolitan Life Insurance policy.

Accordingly, I would affirm the trial court's decision.