**Nalesnik v. Nalesnik**
*[Cite as 2 AOA 420]*

*Case No. 56614*
*Cuyahoga County, (8th)*
*Decided April 5, 1990*

*R.C. 3105.18*
*R.C. 3109.05*

*Michael T. Honohan, Esq., 1600 East Ohio Building, 1717 East Ninth Street, Cleveland, Ohio 44114.*

*Mary L. Nummela, Esq., 1600 East Ohio Building, 1717 East Ninth Street, Cleveland, Ohio 44114.*

*Steven L. Wasserman, Esq., 1600 East Ohio Building, 1717 East Ninth Street, Cleveland, Ohio 44114, For plaintiff-appellants.*

*Thomas Schick, Esq., The Illuminating Building, 10th Floor, Cleveland, Ohio 44113, For defendant-appellee.*

PARRINO, J.

This timely appeal arises from a dispute over a separation agreement and the designated beneficiaries of a series of life insurance contracts identified within the agreement.

On August 10, 1983 Gerald and Gail Nalesnik ("husband" and "wife"), dissolved their marriage of seventeen years in the Domestic

Relations Division of the Court of Common Pleas ("domestic relations court"). In section seven of their separation agreement the two agreed that the husband would name their three minor children as "sole, exclusive and irrevocable beneficiaries" of the four named policies within the plan. This arrangement was to continue until the children reached age eighteen or completed high school, which ever occurred last.

Approximately eight months after the dissolution, the husband's employer, who instituted the plan, replaced one $5,000 policy with a new United of Omaha ("Omaha") policy for $7,500 and a provision to double the face amount in the event of accidental death.

In March 1984, just prior to the new policy's effective date, the husband designated his sister, Dorothy Canepari ("sister"), as the beneficiary. Six months later, an automobile struck and killed the husband. The wife, as guardian of the minor children, received benefits from the plan's original three policies. Omaha, unsure of who to pay on the new policy, filed a complaint of interpleader in General Division of the Court of Common Pleas ("general division").

The general division, on December 8, 1986, awarded a summary judgment to the sister of the Omaha policy proceeds.

In February 1987 the wife filed a post decree motion to show cause in the domestic relations court for her deceased husband's failure to designate his children as beneficiaries of the Omaha policy, as required by the terms of the separation agreement. She added the sister and the executor of the husband's estate as defendants to the action.

The domestic relations court granted the wife's motion to show cause and ordered the sister to pay her $12,541.84, which represents the total insurance proceeds due her and the interest accrued thereon from the date the original judgment was awarded to the sister.

The sister now appeals this judgment raising four assignments of error.

In her first two assignments of error, the sister alleges the domestic relations court erroneously denied her request for separate findings of fact and conclusions of law and specifically erred in finding the general division did not have jurisdiction over the insurance company's interpleader action.

Civ. R. 52 states in relevant part:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

"***

"Findings of fact and conclusions of law required by this rule and by Rule 41(B) (2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56."

In a civil contempt proceeding for the nonpayment of child support, Civ. R. 52 does not require the court to issue findings of fact and conclusions of law. *Miller* v. *Barker* (Sept. 21, 1989), Cuyahoga App. No. 55914, unreported, at 4-5; *Proehl* v. *Walsh* (Feb. 8, 1984), Summit App. Nos. 11245, 11387, unreported, at 4-5. See *The State, ex rel. Ventrone,* v. *Birkel* (1981), 65 Ohio St. 2d 10, 12. This is because such a proceeding is not a "trial by the court without a jury" as no evidence is required to be taken. *Miller, supra; Wischmeier* v. *Wischmeier* (June 18, 1987), Cuyahoga App. No. 52245, unreported.

In our case, the domestic relations court conducted a hearing to determine if the deceased husband's failure to designate his children as beneficiaries of the policy was in contempt of the terms of the separation agreement. Though Civ. R. 52 did not require the court to issue findings of fact and conclusions of law, it nevertheless adopted the findings included in the referee's report and based its decisions thereon.

The sister further charges that the domestic relations court's findings do not justify its verdict, particularly its finding that the general division lacked jurisdiction to hear the interpleader action.

An appellate court reviews a trial court's findings of fact and conclusions of law to determine whether the lower court properly applied the law to the facts and determined the facts consistent with the evidence. *Freeman* v. *Westland Builders, Inc.* (1981), 2 Ohio App. 3d 212.

The domestic relations court specifically found the general division lacked subject matter jurisdiction to hear the interpleader action. The domestic relations court determined it had

continuing and exclusive jurisdiction over the case as the agreement to maintain life insurance for the benefit of minor children was a child support obligation. As the general division was not competent to adjudge the interpleader action, the domestic relations court held that this action was not barred by the doctrine of *res judicata.*

Subject matter jurisdiction gives a court the power to hear and decide a case on its merits. *Morrison* v. *Steiner* (1972), 32 Ohio St. 2d 86, paragraph one of the syllabus. The court of common pleas has the authority to determine its own subject matter jurisdiction in an action before it, subject to a right of appeal. *State, ex rel. Heimann,* v. *George* (1976), 45 Ohio St. 2d 231.

Where an action is fully litigated and decided in the domestic relations court, the final dissolution decree which divides the property terminates that court's exclusive jurisdiction. *Price* v. *Price* (1984), 16 Ohio App. 3d 93. From that point the domestic relations and general divisions of the common pleas court share concurrent jurisdiction over related matters. *Id.*

When two courts have concurrent jurisdiction, the one that first attaches to a case retains jurisdiction over it and is protected against interference from the other court. *State, ex rel. Schneider,* v. *Bd. of Education* (1988), 39 Ohio St. 3d 281; *Addams* v. *The State, ex rel. Hubbell,* (1922), 104 Ohio St. 475. The domestic relations court can retain exclusive jurisdiction over matters relating to the custody, care and support of minor children. *Loetz* v. *Loetz* (1980), 63 Ohio St. 2d 1.

The insurance company brought the interpleader action to determine who should be paid the policy proceeds. Such an action necessarily involves a determination of the intent of the parties in the separation agreement. The domestic relations court's findings of fact and conclusions of law unequivocally determined the life insurance coverage to be a child support obligation.

A reviewing court must presume the trial court's findings are correct as the trial judge is best able to view the witnesses and use such observations in weighing their credibility. *Miller* v. *Miller* (1988), 37 Ohio St. 3d 71, 74; *Seasons Coal Co., Inc.* v. *City of Cleveland* (1984), 10 Ohio St. 3d 77, 80. An appellate court should not substitute its judgment for that of the trial court when there is credible and competent evidence supporting the trial court's findings. *Seasons Coal Co., supra.*

In this case there was competent and credible evidence that the parties intended the insurance benefits to be in the nature of child support. In their separation agreement, the couple made no provision for continued support to be paid by the husband's estate in the event of his death. Further, the children's irrevocable right to benefit from the life insurance plan was to continue only during their minority or until each completed high school, whichever occurred last. In a case involving death benefits, the Lorain County Court of Appeals noted "the purpose of the support award is to benefit the child; the source is of no importance." *Gilford* v. *Wurster* (1983), 24 Ohio App. 3d 77, 78.

As the domestic relations court reasonably determined that the life insurance was essentially a child support obligation, it retained exclusive and continuing jurisdiction over any related cause. As a result, the domestic relations court properly decided the general division was not competent to determine the interpleader action.

Based upon its jurisdictional finding, the domestic relations court found that the wife's action show cause regarding her deceased husband's failure to designate their children as beneficiaries of the life insurance policy was not barred by the doctrine of *res judicata.*

The doctrine of *res judicata* sets forth the theory that "an existing final judgment on the merits by a court of competent jurisdiction is conclusive to the parties and their privies in all actions in any court of concurrent jurisdiction. *Norwood* v. *McDonald* (1943), 142 Ohio St. 299, paragraph one of the syllabus; *Quality Ready Mix, Inc.* v *Mamone* (1988), 35 Ohio St. 3d 224.

Because the general division was not competent to hear the interpleader action, the domestic relations court properly concluded that litigation over the separation agreement's life insurance clause was not barred by the doctrine of *res judicata.*

As the record of the interpleader action is not before us to review, we must presume the validity of the domestic relations court's conclusions on the *res judicata* issue. *Knapp* v. *Edwards Laboratories* (1980), 61 Ohio St. 2d 197.

The first two assignments of error fail.

In her third assignment of error, the sister argues that the domestic relations court erroneously included the Omaha policy in the life insurance plan maintained for the benefit of the children.

A separation agreement must be construed to effectuate the parties' intent. *Kelly* v. *Medical Life Ins. Co.* (1987), 31 Ohio St. 3d 130. Where the parties to a separation agreement maintain their children as the irrevocable beneficiaries of a life insurance plan, the children receive a vested right to the plan's proceeds. *Thomas* v. *Studley* (Jan. 19, 1989), Cuyahoga App. No. 54919, unreported. The husband cannot defeat this right by failing to maintain a policy as required by the agreement. *Id.* The husband also cannot defeat the children's irrevocable rights by acquiring a new insurance policy and designating his parents as beneficiaries in their stead. *Studley* v. *Studley* (1986), 32 Ohio App. 3d 1. Where an agreement requires the husband to maintain his employer's group life insurance for the benefit of his wife or children, the agreement's intended beneficiary's right to collect the proceeds of the husband's policy is not defeated when the employer changes insurance carriers and the husband names a different beneficiary. *Carpenter* v. *Carpenter* (1985), 150 Ariz. 130, modified on different grounds (1986), 150 Ariz. 62. In such a situation the intended beneficiary may collect the proceeds due from the hands of the named beneficiary. *Id.*

Here the separation agreement set forth a life insurance plan with four named policies. The employer unilaterally upgraded the coverage on a portion of the plan by replacing one of the original policies with the more comprehensive Omaha policy. The employer's change did not operate to free the husband from his obligation to appoint his children beneficiaries of the whole plan. See *Studley, supra; Carpenter, supra.*

The domestic relations court properly concluded that the wife, as guardian of the intended beneficiaries, was entitled to collect the insurance proceeds from the sister.

This assignment fails.

In her fourth assignment of error, the sister claims that the domestic relations court incorrectly determined the amount of her liability.

The employer's insurance plan was upgraded with the insertion of the Omaha policy to entitle the beneficiary to $7,500 in life insurance proceeds, with an additional $7,500 in accidental death benefits instead of the original $5,000 coverage. The employer's accidental death and dismemberment benefits were included in its health insurance coverage independent of its life insurance plan. The

separation agreement provision in question, by its plain language, addressed only the insurance on the husband's life.

Accidental death insurance differ significantly from life insurance. *Ferguson* v. *Owens* (1984), 9 Ohio St. 3d 233; *Thomas, supra.* Life insurance provides benefits for the loss of life while accidental death insurance provides benefits, in addition to the life insurance proceeds, only when the insured dies by accident. *Id.*

Where a separation agreement refers only to a life insurance plan, the intended beneficiaries are entitled only to the life insurance benefits and no more. *Thomas, supra.*

The agreement set forth an insurance plan with the husband's children as its intended beneficiaries. We find no legal relevance to the employer's substitution of policies within the plan. See *Carpenter, supra.* As the agreement does not set out a total value for the whole plan, the husband is not obliged to maintain coverage in a specific amount. Therefore, the children are entitled to receive from the sister the $7,500 in life insurance benefits from the Omaha policy plus statutory interest. The sister, as named beneficiary, is entitled to retain the $7,500 in accidental death benefits not included in the life insurance plan.

This assignment of error is well taken.

The judgment of the trial court is modified and affirmed as modified.

*Judgement affirmed,*
*as modified.*

PATTON, C. J., and DYKE, J., Concur

*(THOMAS J. PARRINO, retired judge of the Eighth District Court of Appeals, sitting by assignment).