OPINION
Donald Breece appeals from a judgment entered by the common pleas court which determined Mr. Breece's monthly child support obligation as well as the arrearage he owes on that obligation, and further determined the arrearage Mr. Breece owes on payments to his children's educational trust fund.
Donald and Regina Breece were divorced in New York in 1982. The parties' separation agreement, which governs their rights and responsibilities as to their two children and sets forth Mr. Breece's child support obligation, was incorporated into the final divorce decree. Regina Breece and the two children moved to the Tampa/St. Petersburg, Florida area in 1983, and remained there. Donald Breece lives in Darke County.
In December 1996, Regina Breece filed a petition asking the court to amend her New York child support order under the Uniform Reciprocal Enforcement of Support Act (URESA). In March 1997, Regina Breece filed an amended petition. After an answer was filed by Donald Breece, a hearing was held on January 11, 1999, before a magistrate. On February 12, 1999, the magistrate issued her decision and entry which determined the amount of Mr. Breece's monthly child support payments under the parties' separation agreement, the arrearage owed on that child support obligation, and the arrearage Mr. Breece owes on payments to his children's educational trust fund.
Donald Breece filed objections to the magistrate's decision. On April 21, 1999, the trial court entered a judgment overruling Mr. Breece's objections, but which recalculated his child support obligation. From that judgment, Donald Breece has timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY IMPROPERLY CALCULATING THE AMOUNT OF MONTHLY CHILD SUPPORT TO BE PAID BY THE DEFENDANT-APPELLANT.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY IMPROPERLY CALCULATING THE DEFENDANT-APPELLANT'S CHILD SUPPORT ARREARAGE. THE TRIAL COURT ERRED BY (1) USING THE NATIONAL CPI TO CALCULATE THE CPI INDEX CHANGE AND (2) USING THE $10,000 INCREMENTAL BASE AMOUNTS CONTAINED IN NUMBERED PARAGRAPH 9(B) AS A FLOOR TO SET THE MONTHLY BASE CHILD SUPPORT PAYMENT EACH YEAR.
In these related assignments of error, Donald Breece argues that the trial court incorrectly calculated both the monthly amount of child support he owes under the separation agreement as well as the arrearage he owes on that obligation.
At issue in this appeal is that portion of the parties' separation agreement which governs child support and the annual adjustments to that obligation which the parties provided for:
 8. CHILD SUPPORT. The husband agrees to pay the wife the sum of $250.00 per child per month as and for child support ($500.00 total per month from the execution of this agreement) until the child reaches the age of eighteen (exclusive of the summer visitation period with the father, during which the amount of child support shall be reduced 50% or $125.00 per child or $250.00 total) Beginning the month after the child's eighteenth birthday, and continuing until June of each child's twenty-second year, said child support shall be paid into a trust account in the wife's name whose purpose shall be to fund the child's post high school education. In the event that either child does not attend an educational program after high school then, and in that event, her portion may be used to contribute toward the education of the other child, as determined in the sole discretion of the wife. One half of any unexpended monies from said trust shall be distributed to each child on their respective twenty-fifth birthdays.
9. ADJUSTMENTS TO SUPPORT.
 A) Notwithstanding any provision to the contrary, all sums mentioned in paragraph 8 of this agreement as well as the salary increase increment computation set forth in subparagraph B below shall be adjusted as follows: Effective May 1, 1984, child support amounts and salary increments of husband shall be adjusted by a fraction representing 3/4 of the change in the consumer price index in the district of the children's residence for March of 1984 compared with the CPI for March of 1983, as determined by the husband's Federal tax returns. The CPI referred to is the index published by the Bureau of Labor Statistics, United States Department of Labor, to reflect the change in prices of goods and services purchased by the wage earner in the family to maintain their level of living. In the event such an index is not published for that district, the Nation CPI index or the most similar successor or substitute index published by the United States Government shall be used, or if there is none, a reliable governmental or nonpartisan publication based on information used in determining the Consumer Price Index shall be employed. This adjustment shall be made thereafter annually each year effective May 1st, based on the change of the CPI for March of that year compared to March of the year previous.
 B) Beginning May 1, 1984 the monthly payments of child support shall be further adjusted as follows: To the extent the husband's adjusted gross income (as shown on husband's Federal Income Tax Return covering the year last past) shall exceed $20,000.00 per year, support for the children shall be computed at the basic $6,000.00 per year ($3,000 per dependent child) plus 10% of any increment above $20,000 per year of adjusted gross income for the husband, up to and including an adjusted gross income of $30,000 per year. To the extent that the husband's adjusted gross annual income shall exceed $30,000 up to and including $40,000 per year, child support shall be $7,000.00 per year ($3,500 per dependent child) computed from the adjusted gross income of $30,000 per year plus an increment of 8% computed on any amount of the husband's gross income which exceeds $30,000 up to the $40,000 ceiling. To the extent that the husband's adjusted gross annual income shall exceed $40,000 up to and including $50,000 per year, child support shall be $7,800 per year ($3,900 per dependent child) computed from the adjusted gross income figure of $40,000 plus an increment computed at 6% on any amount of the husband's adjusted gross income which exceeds $40,000 up to the $50,000 ceiling. To the extent that the husband's adjusted gross income shall exceed $50,000 per year, child support shall be $8,400 per year ($4,200 per dependant child) computed from the adjusted gross income figure of $50,000 plus an increment of 4% on any adjusted gross income which exceeds $50,000. (No ceiling shall apply on the 4% increment)
 Any adjustments made pursuant to this subparagraph (9B) shall be deposited into the educational trust account (or a like account) referred to in paragraph 8.
 Adjusted gross income shall be defined to mean such income as would appear on a return of the husband filed separately, whether or not the husband and wife herein might at some time in the future become divorced and the husband thereafter remarry and elect to file a joint income tax return with his second wife.
 It is further agreed that the adjusted gross income base and ceiling figures set forth in this sub-paragraph which are the basis of the compensation of the additional child support payments, be revalued annually beginning May 1, 1984 such that support for the children as set forth in this sub-paragraph be computed and paid based on values for September, 1982 dollars, and similarly each May thereafter. It is the intention of the parties hereto to have all adjustments effective the payments made May of each succeeding year, both the CPI adjustment of the base child support amount and the CPI adjustment of the husband's adjusted gross income which is the basis for the additional child support payment for adjusted gross income earned by the husband above $20,000 adjusted to September, 1982 values.
The parties agree that these portions of their agreement governing child support, and the relationship of those provisions to each other, are vague and ambiguous. In Quisenberry v.Quisenberry (1993), 91 Ohio App.3d 341, 348, this Court observed:
 Ohio law clearly establishes that a judgment may be interpreted if it is ambiguous. If there is good faith confusion over the interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute. See Studley v. Studley (1986), 32 Ohio App.3d 1, 5, 513 N.E.2d 811, 815 (Patton, J., dissenting); In re Dissolution of Marriage of Seders
(1987), 42 Ohio App.3d 155, 536 N.E.2d 1190. "An interpretive decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion." Id., at 156, 536 N.E.2d at 1192, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.
An abuse of discretion connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court.Blakemore, supra.
We first note that in its decision the trial court reviewed the magistrate's decision applying an "abuse of discretion" standard:
 The Defendant's third objection is that the Magistrate incorrectly calculated the amounts to be placed into the education account. Having reviewed the Divorce Decree, the Court finds the Magistrate's decision is supported by credible evidence and is not unreasonable, arbitrary or unconscionable. This objection is not well taken.
This is legally incorrect. An abuse of discretion standard is an appellate standard of review, which this court applies to the trial court's interpretation of the parties' separation agreement. In reviewing the magistrate's decision, however, the trial court must conduct an independent, de novo review of the magistrate's factual and legal conclusions:
 A magistrate functions as an arm of the trial court, which is in no way bound to follow or accept the findings or recommendations of its magistrate. Seagraves v. Seagraves (August 25, 1995), Montgomery App. Nos. 15047 and 15069, unreported. In accordance with Civ.R. 53, the trial court must conduct an independent de novo review of the facts and conclusions contained in the magistrate's report and recommendations and enter its own judgment. Dayton v. Whiting (March 29, 1996), Montgomery App. No. 15432, unreported. The trial court may adopt the magistrate's findings, conclusions, and recommendations, but the court's discretion in that regard is not limited. Therefore, the court cannot abuse its discretion by rejecting some or all of its magistrate's findings. Seagraves, supra.
 The roles of a magistrate and the trial court are different. The function of a magistrate is to aid the court in the expedition of the court's business, not to act as a separate or substitute judicial officer. Whiting, supra. The standards for appellate review simply do not apply to the trial court's acceptance or rejection of a magistrate's findings or recommendations. Seagraves, supra.
Daley v. Daley (January 31, 1997), Miami App. No. 96-CA-14, unreported.
Donald Breece first argues that the trial court abused its discretion in utilizing the national consumer price index (CPI) rather than the local CPI in the district where his children live in calculating his child support obligation. Paragraph 9(A) of the parties' separation agreement states that effective May 1, 1984, and each May 1st thereafter, child support amounts shall be adjusted annually by a fraction representing 3/4 of the change in the CPI in the district of the children's residence for March of the current year compared with March of the previous year. The national CPI is to be used only if there is no local CPI published in the district of the children's residence.
The trial court found, as did the magistrate, that it was not possible to strictly comply with this provision of the parties' separation agreement utilizing a local CPI in the district where the Breece children live. The agreement calls for annual adjustments to child support to be made via recalculations which are to be made in March of each year. The national CPI is broken down by months. The local CPI for the Clearwater, Florida area where the children live, however, was not even available until 1987, and even then was not available each and every month. The South Urban CPI, which appears to cover the same area, was likewise not available every month. Thus, the trial court's determination that use of the national CPI would promote efficiency and consistency in making the recalculations necessary each March to effect the annual adjustments to child support contemplated by the parties in their separation agreement does not constitute an arbitrary, unreasonable, unconscionable act, that is, an "abuse of discretion."
Donald Breece next argues that the trial court abused its discretion in utilizing the base amounts of child support mentioned in paragraph 9(B) to calculate his child support obligation. In arguing that these base amounts of child support mentioned in paragraph 9(B) are to be considered solely with respect to the amounts to be deposited into the children's educational trust fund, Donald Breece relies upon the paragraph in 9(B) that states:
 Any adjustments made pursuant to this sub-paragraph (9B) shall be deposited into the educational trust account (or a like account) referred to in paragraph 8.
It is not possible to reconcile the above provision with the other provisions in paragraphs eight and nine of the parties' separation agreement. Paragraph eight sets forth the basic child support obligation. That provision also specifies that beginning the month after each child's eighteenth birthday and continuing until June of the child's twenty-second year, the child support shall be paid into a trust account to fund the child's post-high school education. Paragraph 9(A) provides for annual adjustments based upon changes in the consumer price index to all sums mentioned in paragraph eight, as well as to the additional adjustments calculated pursuant to paragraph 9(B). Paragraph 9(B) provides for additional adjustments to child support based upon changes in Donald Breece's adjusted gross income.
The magistrate and the trial court both concluded that the parties' separation agreement contemplates automatic annual adjustments to the child support obligation, and that a proper interpretation of the agreement requires two calculations to achieve the adjustment contemplated. First, the basic child support obligation set forth in paragraph eight must be adjusted pursuant to changes in Donald Breece's income as calculated per paragraph 9(B). Second, then that figure is further adjusted based upon changes in the consumer price index as calculated per paragraph 9(A). This interpretation is supported by language in the parties' agreement.
Paragraph 9(A) states "notwithstanding any provision to the contrary, all sums mentioned in paragraph eight . . . as well as the salary increase increment computation set forth in subparagraph (B) below, shall be adjusted as follows . . ." Paragraph 9(B) states: "Beginning May 1, 1984, the monthly payments of child support shall be further adjusted as follows . . ." This paragraph also states: "It is further agreed that the adjusted gross income base and ceiling figures set forth in this subparagraph which are the basis of the compensation of the additional child support payments, be revalued annually . . ." This language reflects the intent of the parties to utilize the base amounts of child support referred to in paragraph 9(B) in calculating the child support obligation, and supports the trial court's interpretation of this agreement. We see no abuse of discretion on the part of the trial court, as that term is defined by law.
The first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY INCORRECTLY CALCULATING THE AMOUNT THE DEFENDANT-APPELLANT WAS TO HAVE PAID INTO THE EDUCATIONAL TRUST IN THE YEARS FOLLOWING THE DIVORCE.
Donald Breece argues that the trial court incorrectly calculated the amount of arrearage he owes on payments he is required to make to his children's educational trust fund pursuant to the terms of the separation agreement.
As we previously noted, paragraph eight of the parties' separation agreement specifies that after the children reach age eighteen and continuing until June of their twenty-second year, the payments of child support shall be made into a trust fund for the purpose of funding the child's post-high school education. This provision in effect simply changes the payee of the child support, not the way in which the amount of that child support obligation is calculated.
Donald Breece claims that the trial court abused its discretion by failing to apply the CPI adjustments, as calculated per paragraph 9(A), to the amounts he owes to the educational trust fund. Regina Breece responds that the payments to be made to that trust fund are not subject to the annual CPI adjustment because those CPI adjustments apply only to the obligations referenced in paragraph eight, which governs child support but not the trust fund deposits which are separately determined per paragraph 9(B). We disagree with that interpretation.
As we noted, paragraph eight of the parties' separation agreement sets forth the basic child support obligation and further provides that while the Breece children are between eighteen and twenty-two years of age, those child support payments are to be made into an educational trust fund. In other words, the full amount of each child support payment made after the child reaches age eighteen and continuing until the child turns twenty-two, is deposited into the educational trust for that child. Those trust fund deposits, which consist of the child support paid into a special account for a special purpose, are calculated and determined in the exact same manner as the child support obligation, that is, pursuant to the paragraph 9(A) and (B) annual adjustments.
Paragraph 9(A) of the parties' separation agreement, which provides for the annual CPI adjustment, specifies that "all sumsmentioned in paragraph eight," which sets forth the basic child support obligation and further provides for the educational trust fund, "as well as the . . . computations set forth in subparagraph (B) below, shall be adjusted as follows . . ." Clearly, the educational trust fund deposits are subject to the annual CPI adjustments on the same basis as the child support obligation. Nevertheless, on the record before us it is unclear, and we are unable to tell, whether the trial court applied those CPI adjustments when calculating the amounts Mr. Breece owes to the educational trust fund. To that extent, this record fails to exemplify the claimed error, and an abuse of discretion on the part of the trial court has not been demonstrated.
The third assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.
Copies mailed to:
Mary Barga, Esq., William H. Cooper, Esq., Hon. Jonathan P. Hein.