CAMPBELL et, Plaintiffs-Appellees, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA et, Defendants-Appellants.

Ohio Appeals, Second District, Darke County.

No. 737.   Decided December 13, 1955.

Spidel, Staley & Hole, Greenville, for plaintiffs-appellees.
Myers, Mills, Boesch & Cline, Dayton, for defendants-appellants.
Anthony A. McCarthy, Dayton, for The Prudential Insurance Co. of America, defendant.

(CONN, J, of the Sixth District, sitting by designation in the Second District.) ·

## OPINION

By HORNBECK, J:

This is an appeal on questions of law from a judgment of the Common Pleas Court in favor of plaintiffs-appellees to the effect that they were entitled to the proceeds of a certain policy of insurance on the life of their father, William Emerson Campbell, deceased.

Four errors are assigned:

1. Overruling special demurrer of defendant, Virginia P. Campbell challenging the jurisdiction of the court of her person and of the subject matter of the suit because the cause of action involved is the same subject matter as was pending in the Common Pleas Court of Montgomery County, Ohio.

2. For error in the refusal of the court to admit testimony offered by defendant-appellant, Virginia P. Campbell.

3. The judgment of the court was contrary to the evidence and against the manifest weight of the evidence.

4. The judgment was not sustained by sufficient evidence and was contrary to law.

For an appreciation of the question raised by the special demurrer, we set out chronologically the substance of the pleadings when and where filed.

On February 24, 1953, plaintiffs filed their petition. The one defendant named was The Prudential Insurance Company of America. It plead issuance of a policy in the sum of $1000.00 upon the life of William Emerson Campbell, whose first wife was Cleo Bessie Campbell, and second wife, Virginia P. Campbell. Further averred that on February 1, 1946, the insured and his wife, Cleo Bessie Campbell, entered into a separation

agreement wherein it was provided that the insured should maintain the policy, and name as beneficiaries his three children, the plaintiffs, and further that said agreement was incorporated into and made part of a decree of divorce in the Common Pleas Court of Darke County, Ohio. That, contrary to the agreement, insured caused the beneficiaries in the policies to be changed to some person or persons whose names were unknown to plaintiffs. That the insured had died and that the defendant company threatens to pay the proceeds of the policy to others than the plaintiffs; that if it does so, plaintiffs will be irreparably injured.

The prayer of petition was that defendant be enjoined from paying the proceeds of the policy to anyone until it is determined who is entitled to the same, and for such other and further relief as they may be entitled to in the premises.

The insurance company was served with process and on April 11, 1953 answered, admitting issuance of the policy pleaded in the petition. Further, on March 30, 1953, Virginia P. Campbell, the designated beneficiary under the policy at the time of the death of the insured, filed her petition in the Common Pleas Court, Montgomery County, seeking payment as beneficiary under the terms of said policy. Defendant then admits its liability in the amount of $936.98, being the amount due on the policy and its willingness to pay the same to the proper parties upon determination by the court.

Defendant, Virginia P. Campbell, on March 30, 1953 instituted her action against the insurance company only, as defendant, in the Common Pleas Court, Montgomery County, Ohio, averring that she was the beneficiary under the policy, that it had been delivered to the insurance company, that she understood a check had been written for the proceeds of the policy, and praying either that check be turned over to her or the proceeds of the policy be paid to her, upon failure of which she receive judgment in the amount due under the provisions of the policy.

On April 13, 1953, the company answered the action in Montgomery County, substantially as in their answer to the suit instituted by the plaintiffs in Darke County, with the additional averment of the action in Darke County and the restraining order that had there been issued.

Thereafter, on April 14, 1953, plaintiffs moved to make Virginia P. Campbell a party defendant. This motion was granted and on April 29, 1953, plaintiffs filed their amended petition, upon which summons was issued to Virginia P. Campbell and service made upon her.

The amended petition set forth substantially the same subject matter as the original petition, with the further averment respecting the institution of the suit by Virginia P. Campbell in Montgomery County, Ohio. The prayer of the amended petition was that the insurance company be ordered to deposit with the Clerk of Courts the amount due under the policy, and determination be made as to who was entitled to the fund, and for such other further relief as plaintiffs may be entitled in the premises. To this amended petition, Virginia P. Campbell filed her special demurrer, without entering appearance, and challenged the jurisdiction of the court of the subject matter of the claim and of her person and asserted that a cause of action involving the same subject

matter "is now pending in the Common Pleas Court of Montgomery County, Ohio."

The special demurrer was overruled. An attempt to prosecute an appeal from this order was made but the appeal was dismissed.

Thereafter, defendant, Virginia P. Campbell, answered admitting the corporate capacity of the insurance company, the issuance of the policy, marriage of the insured to Cleo Bessie Campbell, the divorce, averring the subsequent marriage of the insured and defendant; that she was the beneficiary of the policy duly designated by the insured, asserting that in the divorce action The Prudential Insurance Company was not made a party, and that the company had no notice of the separation agreement or the decree of the court. That the first knowledge she had of the claim of plaintiff was when the insurance company was served with a restraining order in this action. She prayed that the cause of action be dismissed and restraining order held for naught. To this answer, plaintiffs filed a reply in the form of a general denial The cause was tried to a judge of the Common Pleas Court of Darke County, Ohio, who rendered judgment for the plaintiffs. From this action the appeal is prosecuted and the assignments of error heretofore stated set up.

Upon the first assignment of error, it was the claim of the appellant in the special demurrer that the Common Pleas Court of Darke County had neither jurisdiction of subject matter of the suit, nor of the person of defendant, Virginia P. Campbell.

The original action in this case was instituted before the action in Montgomery County. In both suits, there was but the one defendant. the insurance company. Service was had upon the insurance company and the answer made by it in the instant action before it answered to the action in Montgomery County. By its answer in Darke County it stated a purpose to subject the proceeds of the policy to the order of the Common Pleas Court of Darke County, and waived all rights that it had to insist upon strict compliance with the terms of the policy as to designation of beneficiary. In the subsequent answer to the action in Montgomery County, it took a like position.

In our judgment, the answer to the first petition in Darke County, before the institution of the action in Montgomery County, though not strictly the placing of the proceeds of the policy in custodis legis, to all intents and purpose had that effect. The prayer in plaintiff's petition could have been in the alternative for a judgment against the company and defendant Campbell, could properly have been made a party to the action. It was averred that others than the plaintiffs, whose identity was unknown, were making claims to the benefits under the policy. Had defendant Campbell then been known as the named beneficiary in the policy, and had she then been joined as party defendant, the service on the insurance company would have been sufficient to establish the jurisdiction of the Darke County Court. Totten, et al. v. Lawton, et al., 8 O. C. C. 377. When it developed that Virginia P. Campbell was designated as beneficiary, and none of the parties plaintiffs were parties to the action in Common Pleas Court, Montgomery County, the amended petition was filed in which she was named as party defendant and served with process.

In receivership cases where there is conflict of two coordinate courts as to the jurisdiction over the property, it is the universal rule that the tribunal must prevail in which jurisdiction first attaches by the seizure and custody thereof under its process. 34 O. Jur. 1001.

Inasmuch as the proceeds of the policy were first subjected to the order of the Darke County Court, defendant Campbell, if a claimant thereto, was required to establish her rights to said proceeds in the action by the plaintiffs before she would be entitled thereto. McDonald v. McDonald (Ala.), 36 A. L. R. 762.

The subject matter of the suit was within the jurisdiction of the Darke County Common Pleas Court, and the plaintiff was properly made a party and the court had jurisdiction of her person.

The second assignment of error is directed to the refusal of the court to admit certain testimony proffered by defendant, Virginia P. Campbell.

Vassa M. Phipps, a sister of defendant, Virginia P. Campbell, and a sister-in-law of the insured, had testified that after the death of insured she had taken the policy to The Prudential Insurance Company; she said that she knew that the policy was on the life of William Emerson Campbell and that her sister, Virginia P. Campbell, was the beneficiary therein, and that the matter was discussed with the insured at the hospital. This question was then put:

"Q. Now, having that knowledge did you do anything as far as the funeral arrangements were concerned?"

Upon objection, the court refused to receive the testimony. Mr. Cline stated:

"Your Honor, we want to show that an innocent party obligated themselves on the basis of the information contained on said policy; and that further she not only obligated herself, she has paid the funeral bill for which she would not be responsible as far as relationship is concerned."

She was then asked at what funeral home she made arrangements; she said the Hoyne Funeral Home, she made arrangements on East Third Street; that other members of Mr. Campbell's family were there when the arrangements were made. Then she was asked to tell the court what happened. "Whether or not she obligated herself for the payments of funeral expenses of William Emerson Campbell." The court refused to permit these questions to be answered. This proffer was made: "If the witness were to answer, she would have said 'Yes.'" That is to say, that she obligated herself for the payment of the funeral expenses of William Emerson Campbell, and offered to show the amount which she had paid in the sum of $595.63.

It may be observed that the witness was not a party defendant, and asserted no claim to any of the proceeds of the policy; neither does defendant, Campbell, plead such a claim in any manner whatever. There is nothing in the testimony which was proffered which would require the conclusion there was any contract between the insured, the named beneficiary, his second wife, and the witness whereby upon the consideration of her paying the funeral expenses, she was to be reimbursed from the proceeds of the policy. Had all the testimony been admitted,

it would not have attained the degree of proof which would have shown that the witness, an innocent party, was misled by the insured and the ostensible beneficiary to advance money on the security of the policy and thereby have estopped the plaintiffs from asserting their claim to the full proceeds of the policy. See Clark v. Callahan, 105 Md. 600, 10 L. R. A. (N. S.) 616; Hutchins v. Miner, 46 N. Y. 456; LeGrand v. LeGrand, 178 S. C. 230; 102 A. L. R. 582; Bardin v. Moore, 85 N. H. 362, 83 A. L. R. 62.

We come, then, to the last assignments of error. The order is not supported by the evidence, is contrary to the manifest weight thereof, and contrary to law.

Upon these assignments of error we might well adopt the opinion of Judge Riegel, with which we are in accord.

Upon the ultimate question in this case, the equities are clearly with the plaintiffs. The separation agreement by which the insured agreed to keep the policy in force for the benefit of his children was supported by a valuable consideration, and thereafter carried into a formal decree of the court in the divorce action. By this agreement and this decree, the insured estopped himself from invoking the privilege of changing the beneficiary under the policy as fully as if his designation of the plaintiff was set forth in an irrevocable clause in the policy. The beneficiaries were changed in accord with the agreement and the decree. When, then, the insured violated his obligation, it was without effect unless an innocent party by reason of the action of the plaintiffs was misled and damaged thereby. It does not definitely appear how the insured came into possession of the policy, which had been left with legal counsel for the plaintiff. He testifies that it was removed from his files without his consent or authorization. It does not appear that the second wife, defendant, Campbell, who no doubt was an innocent party, advanced any consideration which would cause her rights to the proceeds of the policy to rise any higher than those of the insured under whom she claimed.

The trial judge properly held that the action of the insured in changing the beneficiary constituted fraud against the plaintiff.

The only question of substance in this case is raised upon the special demurrer to the amended petition. The cases cited by appellant, Saben v. Grand Lodge of A. O. U. W. of New york, et al., 8 N. Y. Sup. 185. 31 N. E. 1087 and Shoudy v. Shoudy, 55 Colo. App. 447, 203 Pac. 437, are not parallel in the facts to those presented on this appeal. The case of **Atkinson v. Metropolitan Life Ins. Co. et al, 114 Oh St 109**, is authority for the right of the insured to change the beneficiary under a policy insuring his life. It has application only to the basic right of the insured, uninfluenced by any contract or decree altering that right. This case is also authority for the right of the defendant insurance company in this case to waive the provisions in the policy regulating the mode and manner of making a change of beneficiary. Fourth Syllabus.

We find no error assigned well made. The judgment will therefore be affirmed.

MILLER, PJ, CONN, J, concur.