Bank One Trust Company, N.A., Appellee, *v.* Transamerica Life Ins. Corp. of California et al., Appellees; Paff, a Minor, et al., Appellants.

(No. 81AP-752—Decided September 30, 1982.)

*Mr. Stanley D. Ross,* for plaintiff-appellee.

*Mr. Edward L. McVey,* for defendants-appellants.

*Mr. Lawrence W. Henke, III,* for defendants-appellees.

MOYER, J. This matter is before us on the appeal of defendants-appellants, John William Paff, Eric Newton Paff and Sarah N. Paff, from a judgment of the Court of Common Pleas of Franklin County, declaring that the divorce decree terminating the marriage of John D. and Sarah N. Paff was not violated by the creation of a subsequent trust agreement by John D. Paff.

On November 20, 1972, the Court of Common Pleas of Delaware County granted Sarah N. Paff a divorce from John D. Paff. Two children had been born of the marriage. The decree of divorce ordered John D. Paff to, *inter alia:*

"* * * [M]aintain a policy of insurance in the face amount of One Hundred Thousand Dollars ($100,000) upon his own life payable, in the event of his death, to or for the benefit of John William and Eric Newton, and shall maintain and continue such policy in full force and effect, free and clear of all encumbrances, until said minor children attain the age of eighteen (18) years. * * * When said minor children attain eighteen (18) years of age, or if said children shall die before then, all rights in such policy shall belong to defendant, who may then change the beneficiary thereunder, surrender or cancel the policy, and recover its cash value for his own use or exercise any other right available to him as the owner thereof."

On November 30, 1972, John D. Paff caused to be issued a policy of insurance on his life in the amount of $100,000. John William Paff and Eric Newton Paff were the sole beneficiaries of the policy. On January 8, 1973, John D. Paff created a trust with the City National Bank and Trust Company (now Bank One Trust Company) as trustee. The trust was funded by a deposit of $18.75, and named as beneficiaries John William, Eric Newton and any children born after creation of

the trust. On February 27, 1973, without the assent of the court of common pleas, John D. Paff designated City National Bank as beneficiary of his $100,000 Transamerica Life Insurance policy in lieu of John William Paff and Eric Newton Paff.

On June 27, 1976, John D. Paff married Karen Chaney Paff and he subsequently caused a policy of insurance in the amount of $50,000 to be issued on his life by the Great West Life Assurance Company designating City National Bank as the beneficiary. On April 25, 1978, a daughter, Kyra Anne Paff, was born to John and Karen Paff. On March 11, 1980, John D. Paff died. On that date, John William Paff was seventeen years old, Eric Newton Paff was fourteen years old, and Kyra Anne Paff was twenty-three months old. The proceeds of the Great West Life Assurance Company policy were paid to plaintiff Bank One, and the proceeds of the Transamerica Life Insurance Company policy were paid into the registry of the trial court, later transferred to an account in the Huntington National Bank, and ordered paid to plaintiff in the trial court's judgment entry.

Plaintiff filed suit in the trial court seeking a declaratory judgment determining its duties with respect to the trust created by John D. Paff. Specifically, the trial court was asked to determine the following two issues: (1) whether the creation of the trust agreement violated the terms of the divorce decree and (2) whether the trust can be terminated before the last living child reaches age thirty. The trial court held that the trust did not violate the divorce decree and that, even if it was inconsistent with the divorce decree, the proper action would have been an action for contempt brought by John William and Eric Newton Paff on the ground that their father had changed the beneficiary without the authority of the court. The trial court also found that the trust could not be terminated until the

last living child has reached thirty years of age.

In support of their appeal, defendants John William and Eric Newton Paff and Sarah N. Paff assert the following assignment of error:

"The Court of Common Pleas, Franklin County, Ohio erred in declaring the Judgment Entry, Decree of Divorce, between John D. Paff and Sarah N. Paff, November 20, 1972, was not violated by creation of a subsequent trust agreement, and furthermore erred in not upholding said Judgment Entry of Divorce as it pertained to maintaining John William and Eric Newton Paff as beneficiaries to the ordered life insurance policy."

The first and most important question presented by this appeal is whether the trust created by John D. Paff for his three children is consistent with paragraph six of the divorce decree which required him to maintain insurance on his life payable "to or for the benefit of" his two sons, John and Eric, until they reached eighteen years of age. Under paragraph six of the divorce decree, John Paff was required to maintain life insurance which would immediately be paid to John and Eric or to someone else for their benefit upon his death if they had not yet attained the age of eighteen years. Neither John nor Eric was eighteen when their father died. The plaintiff submits that, although the divorce decree did not purport to create a trust with the language "to or for the benefit of," it was intended to *permit* the establishment of a trust. While that phrase is not sufficient to require the creation of a trust, it does indicate an intention of the parties to permit John D. Paff to cause the insurance proceeds to be distributed to his sons other than to them directly. However, when the phrase "to or for the benefit of" is read *in pari materia* with the alternative option that the insurance be paid directly to his sons, the only reasonable conclusion is that he violated the terms of the divorce decree when he made plaintiff the beneficiary of the Transamerica policy.

Under the divorce decree, John D. Paff was required to purchase a life insurance policy payable upon his death either to John William Paff and Eric Paff or to an insurance trust created for the purpose of managing the proceeds of the insurance policy for each of his sons until they reached eighteen years of age. When each son reaches eighteen years of age, he is entitled under the decree to receive the trust principal, assuming he is not under a disability that would require a guardianship. The revocable *inter vivos* trust created by John D. Paff on January 8, 1973 is inconsistent with the divorce decree in several important respects and is therefore not capable of being reformed to comply with the decree. The trust was not created for the benefit of John William and Eric Newton Paff but, rather, for all of John D. Paff's children; Section 4 of the trust provides for a disproportionate distribution of the trust income and principal with the result that John and Eric could receive far less benefit from the trust than the divorce decree provided them; and under the will, if one of John D. Paff's sons died, his estate would receive the insurance benefits whether or not he died with issue, whereas under Section 4(b) of the trust, a deceased child's issue would receive the share of the deceased child but, if the deceased child died leaving no issue, his share would be divided in equal portions among the children of John D. Paff regardless of age and the estates of children of John D. Paff who had died with surviving issue; the trust requires each child to wait until he is thirty years of age to receive his share of trust principal whereas under the divorce decree, as properly construed, John William and Eric Newton Paff receive their one half of the insurance proceeds when they reach eighteen years of age.

Because of the variances cited above and other variances in the trust, we conclude that the trust document cannot be reformed to comply with the divorce decree, but neither should it be held to be

invalid for the purposes of administering the $50,000 benefit payable to the trust from the Great West Life Assurance Company policy. Because the record before us indicates that John D. Paff intended that his three children receive equal shares of his two life insurance policies, we hold that John William and Eric Newton Paff have no interest in the proceeds of the Great West Life Assurance Company policy. On remand, the $103,476.03 deposited in the Huntington National Bank, plus any interest accruing thereto, shall be ordered paid in equal amounts to John and Eric Paff. John William Paff's distribution should be paid to him directly unless he is under a disability, as he is apparently over eighteen years of age. Eric Newton Paff's distribution should be paid pursuant to the guardianship laws of the state of Ohio.

Defendants' assignment of error is well taken and is sustained.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to cause the proceeds of the Transamerica Life Insurance Company policy to be paid as directed in this opinion.

*Judgment reversed and cause
remanded with instructions.*

WHITESIDE, P.J., and NORRIS, J., concur.

WHITESIDE, P.J., concurring. Although I concur in the judgment and generally in the opinion, my conclusions are predicated upon a slightly different rationale than expressed in the majority opinion.

Pursuant to the divorce decree, John D. Paff was required to maintain a $100,000 life insurance policy payable either to, or for the benefit of, John William and Eric Newton Paff. Reservation of the right to John D. Paff to change the beneficiary of the life insurance policy once issued is inconsistent with the requirement that the beneficiaries be the two minor children. Any attempted change of beneficiary contrary to the decree is void at least in the absence of injury to an innocent third party caused by reliance upon the attempted change of beneficiary. *Campbell* v. *Prudential Ins. Co.* (1955), 73 Ohio Law Abs. 262. See, also, Annotation 59 A.L.R. 3d 9. As well stated in 44 American Jurisprudence 2d (Rev.) 733, Insurance, Section 1751, "* * * if by contract or by way of gift the right to change the beneficiary is waived, the beneficiary secures a vested interest which may not be defeated by the insured attempting to change the beneficiary, as, for instance, where the insured in a separation agreement agrees to keep a policy of insurance in force and to name as beneficiaries therein certain individuals."

Under the circumstances herein, the two minor children obtained vested interests as beneficiaries upon issuance of the policy similar to that existing where no right to change the beneficiaries is reserved by the insured. See *Manhattan Life Ins. Co.* v. *Smith* (1886), 44 Ohio St. 156, and *Union Central Life Ins. Co.* v. *Buxer* (1900), 62 Ohio St. 385.

Accordingly, the attempted change of beneficiary to the *inter vivos* trust created by John D. Paff was void and of no effect because it interfered with the vested rights of the named beneficiaries and was without their "consent." They remain the beneficiaries of the policy, and the proceeds thereof should be paid accordingly as ordered in the majority opinion.

On the other hand, further participation by the two sons as beneficiaries of the *inter vivos* trust would be inconsistent with the terms of the trust which anticipate that the proceeds of the Transamerica Life policy as well as those of the Great West Life policy would become part of the trust *res*. Thus, application of Part A(I), Section 4(a) of the trust which provides that, "After a share has been set aside for a child * * * as provided in paragraph (b), below, such child * * * shall no longer be beneficiaries of this

trust * * *." The net result is that the two sons receiving the life insurance proceeds cease to be beneficiaries of the trust except contingently as heirs of the grantor under Part A(I), Section 4(e) of the trust.

For these additional reasons, I concur in the opinion and judgment.