### Aetna Life Ins. Co. v. Hussey
*[Cite as 8 AOA 607]*

*Case No. 89-L-14-084*
*Lake County, (11th)*
*Decided December 7, 1990*

*Milton A. Stern, 41 East Erie Street, Painesville, Ohio 44077, for Defendants-Appellants, Kelly Rae Hussey and Lillian Mae Hussey.*

*Roy Schwartz, 26 South Franklin Street, P.O. Box 226, Chagrin Falls, Ohio 44022, for Defendants-Appellees, Phillip A. Lawrence and Marcia S. Hussey.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Lake County, Ohio, by appellants, Kelly Rae Hussey and Lillian Mae Hussey, from the judgment of the trial court, wherein the court granted summary judgment for the appellees, Phillip A. Lawrence, trustee, and Marcia S. Hussey, Executrix of the Estate of Raymond W. Hussey, Jr.

The underlying action was an interpleader action brought by plaintiffs, Aetna Life Insurance Co. and The Lubrizol Corporation, against the appellants and appellees concerning the distribution of the proceeds of the life insurance policy of Raymond W. Hussey, Jr.

Raymond W. Hussey, Jr. and Lillian M. Hussey were divorced on June 13, 1975. One daughter, Kelly Rae Hussey, was born of the marriage. Kelly Rae was six years old at the time of the divorce. The divorce decree incorporated a separation agreement,. which contained the following provision:

"13. Husband shall maintain the present insurance policies on his life and make his daughter, Kelly Rae Hussey, the irrevocable (*sic*) beneficiary of said policies until she attains the age of twenty-two (22) years for the purpose of insuring her education. Husband shall provide Wife with proof that the premiums on said policies are continuously paid and also proof that said child has been made the irrevocable beneficiary of said policies."

Pursuant to the agreement, on June 16, 1975, Raymond Hussey named his daughter, Kelly Rae, as the beneficiary of the life insurance policy he had through his employer, Lubrizol Corporation, issued by the Aetna Life Insurance Company.

Raymond remarried and, subsequently, he changed the beneficiary on the insurance policy twice. In January 1976, he designated his new wife, Marcia Hussey, as the primary beneficiary and his daughter, Kelly Rae, as the contingent beneficiary. Later in 1981, Raymond again changed the beneficiary to his attorney by the following designation, "Trustee Phillip A. Lawrence, Attorney at Law, Trust of Raymond Hussey." No other trust documents were executed.

Raymond Hussey died in October 1987, at which time the insurance policy had a value of $178,552. Kelly Rae made a claim for the insurance benefits against Lubrizol, Aetna Life, and her father's estate. On behalf of the estate, appellee, Phillip Lawrence, rejected

Kelly's claim, stating that the estate had no insurance proceeds or policies. However, appellee Lawrence indicated that there was a policy outside of the estate, distributed to him as a trustee, from which appellee, Marcia Hussey, would pay Kelly's tuition and educational expenses as provided in the divorce decree.

Subsequently, on March 21, 1988, the plaintiffs, Aetna Life and Lubrizol, filed a complaint for interpleader against the defendants concerning the disposition of the life insurance proceeds. After all the pleadings were filed by the parties, plaintiff, Lubrizol Corporation, was dismissed from the action.

Thereafter, the appellants and appellees both filed their respective motions for summary judgment regarding the interpretation of the insurance policy provision in the divorce decree. On May 9, 1989, the trial court found that appellant, Kelly Rae Hussey, was entitled to the benefit of the insurance proceeds for her education until she reaches the age of twenty-two. The court stated that any funds left over after Kelly Rae is either educated or reaches the age of twenty-two would be deposited with the decedent's trustee, appellee Lawrence, for distribution according to the trust. The trial court ordered plaintiff, Aetna Life, to deposit the entire insurance proceeds with the Lake County Probate Court which would appoint a trustee to administer the funds in accordance with law and the 1975 divorce decree.

Appellants have filed a timely notice of appeal and now present the following assignments of error:

"1. The lower court erred when it ignored the clear precedent of the Ohio Supreme Court's decision in *Kelly v. Medical Life Insurance Co.,* (1987), 31 Ohio St. 3d 130.

"2. The lower court erred in giving any legal effect to decedent's attempted change of beneficiary when a divorce decree and separation agreement required decedent to maintain his daughter as *irrevocable* beneficiary of his life insurance policy.

"3. The lower court erred when it attempted to establish a trust where no trust exists, since no trust agreement was executed and since the settlor (*sic*) of the purported trust had no interest in the property comprising the corpus of the trust.

"4. The lower court erred when it rewrote the parties' agreement and divorce decree by awarding only a portion of the insurance proceeds to appellate (*sic*), and limited the use of the funds for education until age twenty-two (22), thereby ignoring the express terms of a divorce decree and separation agreement requiring decedent to maintain his daughter as *irrevocable* beneficiary."

The issue before us is the appropriateness of the trial court's judgment in apportioning the proceeds of decedent's life insurance, as opposed to the decedent's daughter Kelly's, the appellant herein, contention that she is entitled to the entire amount of her father's insurance proceeds since she obtained a vested interest in the policy as of the issuance of the divorce decree. We hold that the appellants' arguments are well taken for the following reasons.

In support of the appellants' assignment of error is the Ohio Supreme Court case of *Kelly v. Medical Life Ins. Co.* (1987), 31 Ohio St. 3d 130. In *Kelly,* the children brought an action to recover proceeds of their father's life insurance policy. Pursuant to a divorce decree, the father was required to "'name the minor children as beneficiaries on all life insurance he has through his place of employment and Veterans Administration so long as his support obligation exists.'" *Id.* At the time of the father's death, the named beneficiary was the father's brother.

In *Kelly,* the trial court ordered all proceeds to be paid to the children's legal guardian. The court of appeals affirmed in part, but reversed "'insofar as [the trial] court found the constructive trust to extend to the entire amount of the insurance proceeds ***.'" *Id.* at 131. Examining the separation agreement and the circumstances surrounding the agreement, the appellate court concluded that the father intended to name the children as beneficiaries merely as a security from the payment of child support and, thus, the court concluded that the children were only entitled to the amount of insurance proceeds which would be necessary to satisfy the father's support obligation.

The Ohio Supreme Court did not agree. The Supreme Court found that the children were entitled to a constructive trust on the entire amount of the proceeds. In *Kelly,* the court held, at page 132, that:

"The purpose of contract construction is to effectuate the intent of the parties. *Skivolocki v. East Ohio Gas Co.* (1974), 38

Ohio St. 2d 244, 67 O.O. 2d 321, 313 N.E. 2d 374, paragraph one of the syllabus. The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement. *Id.; Blosser v. Enderlin* (1925), 113 Ohio St. 121, 148 N.E. 393, paragraph one of the syllabus. A court will resort to extrinsic evidence in its effort to give effect to the parties' intentions only where the language is unclear or ambiguous, or where the circumstances surrounding the agreement invest the language of the contract with a special meaning. See *Blosser, supra,* at paragraph two of the syllabus; 4 Williston on Contracts (3 Ed. 1961) 532-533, Section 610B."

The court in *Kelly* stated that the intent of the parties was clear and intelligible regarding the insurance provision in the decree. The court noted that the provision as set forth, *Id.,* "*** does not limit the *amount* of life insurance proceeds to which appellants would be entitled. It limits only *the period of time* during which they are entitled to be named beneficiaries." Further, the court stated that, had the father named the children as beneficiaries before he died, as he was obligated to do under the decree, the entire policy proceeds would have gone to the children, regardless of any unpaid balance of child support. Moreover, it noted that, had the parties wanted to place a limitation on the amount of life insurance proceeds to which the children would be entitled, they could easily have done so.

Thus, the court in *Kelly* imposed a constructive trust on the entire proceeds, holding, at page 133, that:

"*** [A] constructive trust is the appropriate remedy to ensure that insurance proceeds are paid to those who were to be named beneficiaries of an insurance policy by the terms of a separation agreement embodied in a divorce decree, such persons having an equitable right superior to the legal right of the designated beneficiary of the policy."

The appellants argue that the instant case is indistinguishable from *Kelly.* As such, they argue that *Kelly* should apply to the present facts so that the entire insurance proceeds are paid to appellant Kelly Rae without limitation.

The appellees argue that *Kelly* is distinguishable from the case at bar. Appellees contend that the intent behind the disputed provision was to maintain the insurance policy for the purpose of insuring Kelly Rae's education until the age of twenty-two. Appellees argue that decedent recognized this obligation and, therefore, created a trust for the purpose of insuring his daughter's education. Further, appellees state that the separation agreement did not contain language that would entitle Kelly Rae to the entire amount of the proceeds.

The trial court agreed with the appellees' position. The trial court distinguished *Kelly* from the instant case, stating that, unlike *Kelly,* the divorce decree *sub judice* provides purpose and time of obligation and speculating that:

"*** Presumably in *Kelly* [*supra*] the Court would have reached a different result if the separation agreement would have indicated the *purpose* to guarantee unpaid child support caused by the obligor's death."

The clear language of paragraph thirteen states, in part:

"Husband shall *** make his daughter, Kelly Rae Hussey, *the irrevocable [sic] beneficiary *** until she attains the age of twenty-two [22] years for the purpose of insuring her education.*" (Emphasis added.)

The instant case is analogous to *Kelly.* As in *Kelly,* had the decedent not violated the decree and kept his daughter as the "irrevocable beneficiary," she would have received the entire amount of the proceeds at her father's death. Furthermore, the language regarding age and education relates to the duration and not to amount. This is similar to *Kelly* where the child support clause related only to duration. More importantly, as noted in *Kelly,* had the parties wanted to limit the amount of the proceeds, they could have easily done so by adding language which would limit the amount or use of the proceeds only to that necessary for a certain level of education. No such clause was added.

For the foregoing reasons, we sustain appellants' first assignment of error.

Appellants' second, third, and fourth assignments of error also have merit. Appellants argue that the attempt of decedent to create a trust was invalid, that any attempt to change the beneficiary should not be given effect. In the case of *Campbell v. Prudential Insurance Co. of America,* (1955), 73 Ohio Law Abs. 262, 267, the court held that:

"Upon the ultimate question in this case, the equities are clearly with the plaintiffs. The separation agreement by which the insured agreed to keep the policy in force for the benefit of his children was supported by a valuable consideration, and thereafter carried into a formal decree of the court in the divorce action. By this agreement and this decree, the insured estopped himself from invoking the privilege of changing the beneficiary under the policy as fully as if his designation of the plaintiff was set forth in an irrevocable clause in the policy. The beneficiaries were changed in accord with the agreement and the decree. When, then, the insured violated his obligation, it was without effect unless an innocent party by reason of the action of the plaintiffs was misled and damaged thereby."

In *Bank One Trust Co. v. Transamerica Life Ins. Corp.* (1982), 5 Ohio App. 3d 236, a case in which the proceeds of a life insurance policy were placed in a trust in violation of the divorce decree, the court held:

"Where a divorce decree orders the husband to maintain an insurance policy in a specific amount on his life payable 'to or for the benefit of' his two named children, and the husband subsequently places the policy together with some additional property in trust, thereby reducing the interests of his two named children, the husband's actions violate the divorce decree and will not be given effect."

See, also, *Studley v. Studley* (1986), 32 Ohio App. 3d 1, where the court held that change in beneficiaries on a life insurance policy will not defeat the irrevocable rights vested in a beneficiary as required by a divorce decree to be the named beneficiary.

Thus, we come to the conclusion that the decedent's attempt at changes made in violation of the divorce decree incorporated into the judgment entry are null and void and cannot defeat the appellant Kelly Rae's rights.

Regardless of whether the trust was properly executed, the trust must be set aside and the insurance proceeds distributed as if appellant Kelly Rae was the named beneficiary at the time of decedent's death.

Therefore, appellants' assignments of error are sustained and accordingly the judgment of the trial court is reversed.

Judgment reversed and remanded for further proceedings.

CHRISTLEY, P.J., and FORD, J., concur.

DONOFRIO, J., Seventh Appellate District, sitting by assignment.