[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from the March 10, 1997 judgment of the Lucas County Court of Common Pleas which granted the motion for summary judgment filed by appellee, Barbara Loucks, and denied the motion for summary judgment filed by appellant, Julie Loucks. For the reasons that follow, we reverse the judgment of the trial court.
Appellee married Donald Loucks on June 9, 1962. Three children were born as issue of said marriage. On December 23, 1974, appellee and Donald entered into a Separation Agreement.
On January 2, 1975, their judgment entry of divorce was filed. Item 10 of the Separation Agreement states the following:
 "The Husband agrees to keep in full force and effect all life insurance policies which he now has on his life and that the Wife shall remain the beneficiary on said policies until such time as she might remarry and at such time the children would become the contingent beneficiaries of said life insurance policies."
Donald has life insurance with his employer, Sun Company, Inc., which, at the time of his divorce, provided for coverage equal to three times his annual base wages, plus $2,000. Sun Company deducted from Donald's earnings for his participation in the death benefit plan. The amount of his contribution, however, was unspecified. According to his employer, the total coverage at the time the Separation Agreement was signed was $41,000. At the time of the judgment entry of divorce, his death benefit proceeds would have been $50,000. As Donald's salary increased, so did the amount of his coverage.
In 1981, Donald was required to make another coverage election. Under the original policy terms, immediately prior to making a new election, his coverage totaled $71,000. Donald selected one of five options, which provided:
 "Non-Contributory Insurance (free coverage equal to one times yearly base pay $50,000 max.) PLUS Supplemental Insurance of Three times yearly base pay"
The Election Card signed by Donald also stated: "Note: You pay the full cost for Supplemental Insurance." The 1981 Election Card also authorized Sun Company to deduct the required contributions from Donald's earnings. The amount of the contribution, however, is not included in the record.
Donald named appellee as the beneficiary on the 1981 policy until 1985 when he named his current wife as beneficiary. He and his current wife, appellant Julie Loucks, married April 22, 1978 and had one child born as issue of said marriage.
Donald died on July 23, 1995. At the time of his death, his life insurance proceeds were computed on an annual base pay of $43,000.
Both appellee and appellant made a claim for the life insurance. Appellee filed her complaint for declaratory judgment in the trial court on January 16, 1996 against appellant and John Hancock Mutual Life Insurance Company. The insurance company was dismissed by stipulation on September 27, 1996 after it deposited the $172,000 of death benefits with the court.
Both appellee and appellant filed motions for summary judgment on July 29, 1996. Appellee argued that when a divorce decree requires a party to maintain a former spouse as the beneficiary of life insurance coverage, the rights of the beneficiary-spouse are "vested" at the time of the divorce and no legal effect is given to a post-divorce attempt to change the beneficiary. Appellant argued that Donald had a perfect right to change the supplemental coverage which was added well after the dissolution and signing of the separation agreement. Appellant also argued that equity requires the proceeds to be divided between the parties, suggesting that appellee should be granted $41,000, the value of the policy on the date of the agreement, or $43,000, the present value of the successor policy, and that she be given the full balance of the proceeds as the designated beneficiary.
On March 10, 1997, the trial court filed its Opinion and Judgment Entry granting appellee's motion for summary judgment and denying appellant's motion, holding:
 "Ohio courts have held that where a Separation Agreement embodied in a divorce decree requires that a specified person be named as beneficiary to an insurance policy, that specified person, if not named as the beneficiary, `has an equitable right to the proceeds which is superior to the legal right of the designated beneficiary.'" Yuda v. Saumer (July 21, 1994), Cuyahoga App. No. 65829, unreported, citing Kelly v. Medical Life Ins. Co. (1987), 31 Ohio St.3d 130. In this case, Mr. Loucks' attempt to change the primary beneficiary of the John Hancock policy to Julie Loucks was done in violation of the divorce decree. Since the divorce decree specified that Barbara Loucks be named as the primary beneficiary of the John Hancock policy, she has the superior legal right to life insurance proceeds. This holding is amply supported by Ohio law. See Yuda, supra; Ferguson v. Owens (1984), 9 Ohio St.3d 223; Thomas v. Studley (1989), 59 Ohio App.3d 76; Bank One Trust Co. v. Transamerica Life Ins. Co. (1982), 5 Ohio App.3d 236
Thus, while Julie Loucks has a legal right to the proceeds as the named beneficiary to the policy, Barbara Loucks' equitable right to these proceeds is superior to Julie Loucks' legal right as the designated beneficiary. Barbara Loucks is entitled to insurance proceeds as the equitable beneficiary of the policy."
It is from this judgment that appellant appeals, asserting the following assignments of error:
 "I. THE TRIAL COURT ERRED IN FINDING THAT DONALD LOUCKS HAD NOT CREATED A SEPARATE INSURANCE POLICY OR FUND NOT SUBJECT TO THE TERMS OF THE AGREEMENT.
 "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGEMENT FOR THE ENTIRE PROCEEDS OF THE INSURANCE."
As appellant's assignments of error are interrelated, we will consider them together. This court notes at the outset that in reviewing a summary judgment, we must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
Persons who were to be named beneficiaries of an insurance policy by the terms of a separation agreement embodied in a divorce decree have an equitable right superior to the legal right of the designated beneficiary of the policy. Kelly v.Medical Life Ins. Co. (1987), 31 Ohio St.3d 130, 133, citingFerguson v. Owens (1984), 9 Ohio St.3d 223, 225-226. Such a right is vested, as such, equity mandates that the right be enforceable despite a party's failure to comply with the terms of the separation agreement. Studley v. Studley (1989), 59 Ohio App.3d 76,79. Additionally, as stated in Kelly, "[t]he intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." Kelly at paragraph one of the syllabus, approving and following Blosser v. Enderlin (1925),113 Ohio St. 121, paragraph one of the syllabus. As stated in the separation agreement between appellee and Donald, appellee was to be named beneficiary on the life insurance policy in effect at the time of the agreement. At the time of the agreement, the life insurance proceeds were three times Donald's annual base pay, plus $2,000. Pursuant to Kelly
and Studley, appellee clearly has a vested right to proceeds in the amount of $131,000 ($43,000 times three, plus $2,000).
The remaining $41,000, however, is a separate matter. Appellee argues that Donald's beneficiary change to appellant is void because it violates the divorce decree. We disagree. Donald and appellee agreed that she would be named beneficiary to life insurance proceeds equal to three times Donald's salary at the time of his death, plus $2,000. Thereafter, Donald voluntarily increased the coverage, paid for the coverage, and named appellant as the beneficiary. Therefore, in keeping with equity and the agreement of appellee and Donald, we find that appellant should get the amount of life insurance proceeds over and above the amount specified for appellee in the separation agreement. Appellee is not entitled to a greater amount than what she bargained for in the separation agreement.
Accordingly, we find appellant's assignments of error well-taken. On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed. Pursuant to App.R. 12(B), this court finds that appellee, Barbara Loucks, is granted proceeds in the amount of $131,000, plus any interest on that amount which has accrued from the time John Hancock Mutual Life Insurance Company deposited the death benefits with the trial court. This court further finds that appellant, Julie Loucks, is granted proceeds in the amount of $41,000, plus any interest on that amount which has accrued from the time John Hancock Mutual Life Insurance Company deposited the death benefits with the trial court. Costs of this appeal are to be paid by appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.