OPINION
{¶ 1} Corey M. Hazel is appealing from the denial of his petition for post-conviction relief. He assigns five errors for our review:
 [I.] The Trial Court Erred to the Prejudice of the Defendant when the Trial Court ruled only on the Amended Post Conviction Petition filed March 28, 2008, and disregarded Defendant's Original Post Conviction Petition that was filed September 4, 2007, Denying Defendant's Due Process of Law. *Page 2 
 [II.] The Trial Court Erred to the Prejudice of the Defendant in ruling that Trial Counsel was competent to handle a Mortgage Fraud Case.
 [III.] The Trial Court Erred to the Prejudice of Defendant When Stating that Post Conviction Petitions may be dismissed without a Hearing when Defendant Fails to submit Evidentiary Documents containing Operative Facts.
 [IV.] The Trial Court Erred to the Prejudice of the Defendant by Determining that a Guilty Plea Means a relinquishment by Defendant of His Appellate Rights.
 [V.] The Trial Court Abused its Discretion by Determining that a Defendant can not use a Post Sentence Motion to Withdraw a Guilty Plea as a Substitute for a Direct Appeal.
 {¶ 2} For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 3} Hazel was indicted on a total of 48 charges on October 19, 2005. He was indicted on an additional five charges June 27, 2006. He was initially represented by retained counsel, but that counsel was allowed to withdraw and counsel was appointed to represent Hazel after Hazel claimed he was indigent.
 {¶ 4} Because of the sheer number of charges, trial was delayed repeatedly. A firm trial date was set for February 26, 2007. Shortly before that trial date, Hazel decided that he wanted a different lawyer appointed to represent him. On the morning that the case was set for trial, Hazel requested his lawyer to make a motion that she be withdrawn from his representation and a new lawyer appointed. The trial judge conducted a hearing on the issue and denied the motion.
 {¶ 5} On March 1, 2007, Hazel entered a guilty plea to three charges: Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.32; Forgery, in violation of R.C. 2913.31; and Secured Writings by Deception, in violation of R.C. 2913.43. As part of the *Page 3 
plea bargain, the remaining charges were dismissed. The State of Ohio and Hazel, through his counsel, jointly recommended a sentence of six years of incarceration. The trial judge ultimately acceded to that recommendation and sentenced Hazel to a six year term of imprisonment.
 {¶ 6} On September 4, 2007, Hazel filed his first petition for post-conviction relief. In it, he claimed that the trial court had denied him "the right to effective appointed counsel." Less than three weeks later, Hazel filed a motion asking the trial court to strike that petition and allow him to file a second petition for post-conviction relief.
 {¶ 7} With the assistance of counsel, Hazel filed a second petition for post-conviction relief on March 28, 2008. Approximately six months later, he filed a motion requesting that he be permitted to withdraw his guilty pleas. The trial court allowed the first petition for post-conviction relief to be considered as amended by the second petition for post-conviction relief. The trial court then denied both the petition as amended and the motion to withdraw the guilty pleas.
 {¶ 8} The first assignment of error asserts that the trial judge disregarded the first petition and considered only the second petition for post-conviction relief. This assertion is not supported by the record before us. The trial judge clearly indicated that he considered all the materials filed in the case. We have no reason to doubt this.
 {¶ 9} The first assignment of error is overruled.
 {¶ 10} The second assignment of error asserts that the trial court erred in finding that defense counsel was competent to handle a mortgage fraud case. Nothing in the record before us supports even a hint that defense counsel was less than capable. The fact that Hazel forwarded a document to counsel which counsel did not understand does *Page 4 
not mean counsel was less than competent. We also note that Hazel repeatedly indicated his satisfaction with defense counsel at the time he entered his guilty pleas and at the time he was sentenced.
 {¶ 11} When the issue regarding counsel's ability to represent Hazel was raised shortly before the hearing date, the trial judge carefully inquired and then praised counsel's ability. The trial court's finding is clearly not an abuse of discretion.
 {¶ 12} The second assignment of error is overruled.
 {¶ 13} The third assignment of error is somewhat confusing as to what exactly Hazel is attacking in the trial court's ruling. Apparently Hazel feels he submitted enough evidentiary material such that an evidentiary hearing was required. We do not find such to be the case. Hazel's dissatisfaction with the plea bargain from which he received enormous benefit does not constitute proof that he was less than well represented or that he was less than fairly treated. He really does not demonstrate in the least that he was somehow wrongly convicted or unfairly treated.
 {¶ 14} The third assignment of error is overruled.
 {¶ 15} The fourth assignment of error focuses on Hazel's understanding of his appellate rights after he entered his guilty pleas and received the jointly recommended sentence.
 {¶ 16} Following the guilty pleas, the only inquiry as to guilt or innocence is whether or not the guilty plea was knowing, intelligent and voluntary. State v. Harris, Erie App. No. E-06-015, 2007-Ohio-6362, ¶ 12. The trial judge here was exquisitely careful in his inquiry before accepting the guilty pleas. *Page 5 
 {¶ 17} The trial court also will be affirmed on appeal as to sentencing issues when the trial court hands down a jointly recommended sentence. State v. Dingess, Franklin App. No. 02AP-150, 2002-Ohio-6450, ¶ 46-51. The appellate courts have little patience for defendants who cut extremely beneficial plea agreements and then wish to attack the very results they requested in the trial court. Hazel gave up all viable appealable issues when he voluntarily entered a very favorable set of guilty pleas and then received the sentences of incarceration he requested.
 {¶ 18} The fourth assignment of error is overruled.
 {¶ 19} In his fifth assignment of error, Hazel argues a non-issue. He filed a motion requesting that his guilty pleas be withdrawn. Guilty pleas may be withdrawn after sentence has been imposed only to correct a manifest injustice. See Crim. R. 32.1. No manifest injustice occurred here. The trial judge considered the motion to withdraw his pleas independently and overruled it, albeit as part of a longer decision in which the petition for post-conviction relief was also overruled. Because the trial court was correct to overrule the motion, the fifth assignment of error is overruled.
 {¶ 20} All five assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 BROWN and McGRATH, JJ., concur. *Page 1