OPINION
{¶ 1} Defendant-appellant, Corey M. Hazel ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court denied his motion to withdraw his guilty pleas, motion for default judgment, and motion for summary judgment. *Page 2 
 {¶ 2} The relevant facts follow. In case No. 05CR-7105, the Franklin County Grand Jury indicted appellant for one count of engaging in a pattern of corrupt activity, one count of theft, 17 counts of forgery, 15 counts of securing writings by deception, and 13 counts of money laundering. In case No. 06CR-4742, the Franklin County Grand Jury indicted appellant for three counts of forgery, one count of money laundering, and one count of securing writings by deception.
 {¶ 3} On March 1, 2007, appellant pleaded guilty in case No. 05CR-7105 to one count of engaging in a pattern of corrupt activity, a stipulated felony of the second degree; one count of forgery, a felony of the third degree; and one count of securing writings by deception, a felony of the third degree. Plaintiff-appellee, State of Ohio ("appellee"), entered a nolle prosequi as to the remaining 44 counts of the indictment. The parties jointly recommended that the court impose a six-year prison term. Also on March 1, 2007, appellant pleaded guilty to one count of forgery in case No. 06CR-4742. Appellee entered a nolle prosequi as to the remaining counts. The parties jointly recommended that the prison term imposed in case No. 06CR-4742 be served concurrently to the prison term imposed in case No. 05CR-7105.
 {¶ 4} On March 8, 2007, the trial court sentenced appellant in both cases. The court followed the parties' joint recommendation and sentenced appellant to six years in prison. Appellant did not timely appeal, and this court denied his motion for delayed appeal in case No. 07AP-451.
 {¶ 5} On March 28, 2007, appellant filed a petition for post-conviction relief, and on April 9, 2008, he filed a motion to withdraw his guilty pleas. After the trial court denied these motions, appellant appealed, and we affirmed. State v. Hazel, 10th Dist. No. 08AP-789, *Page 3 2009-Ohio-880. Meanwhile, on August 14, 2008, appellant filed a second motion to withdraw his guilty pleas. Thereafter, on September 8, 2008, he filed a motion for default judgment after appellee did not timely respond, and on September 15, 2008, he filed a motion for summary judgment.
 {¶ 6} Appellant's August 14, 2008 motion to withdraw his guilty pleas was based on the argument that the indictments were defective with respect to the charges of securing writings by deception, in violation of R.C. 2913.43. More specifically, he argued that the indictments were defective because they alleged that he gave false information to a lender in order to obtain a loan, while this court has held that R.C. 2913.43 was not intended to punish the giving of false information to a lender. State v. O'Neill (Mar. 24, 1992), 10th Dist. No. 91AP-369. TheO'Neill court held, "[g]iven this narrow construction of R.C. 2913.43, the statute does not apply to penalize those who give inaccurate information to a lender, but is intended to penalize those who give inaccurate information to a person who takes out a loan or incurs an encumbrance on his or her property in reliance upon the inaccurate information." As in O'Neill, appellant herein argues that, "[t]he practical result in the case of appellant is that the state attempted to convict him for purportedly violating a statute which simply does not apply to his fact situation." Id.
 {¶ 7} By decision and entry journalized October 17, 2008, the trial court denied all three of appellant's motions. He timely appealed and advances three assignments of error, as follows:
 I. TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING DEFENDANTS [SIC] MOTION TO WITHDRAW GUILTY PLEA ON A DEFECTIVE INDICTMENT WITHOUT STRUCTURAL ERROR ANALYSIS. *Page 4 
 II. TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT DUE PROCESS AND EQUAL PROTECTION UNDER THE 14TH AMENDMENT BY NOT GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT.
 III. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANTS [SIC] DUE PROCESS AND EQUAL PROTECTION UNDER THE 14TH
AMENDMENT BY NOT GRANTING DEFAULT JUDGMENT IN FAVOR OF DEFENDANT.
 {¶ 8} We will address each assignment of error in turn. In his first assignment of error, appellant maintains that the trial court erred in denying his motion to withdraw his guilty pleas because it did not engage in a structural error analysis. Appellant's motion to withdraw his guilty pleas is governed by Crim. R. 32.1, which provides, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 9} "A post-sentence motion to withdraw a plea under Crim. R. 32.1 will only be granted in order to correct manifest injustice. A showing of manifest injustice is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases. A trial court's decision to grant or deny a Crim. R. 32.1 motion is committed to the sound discretion of the trial court, and appellate courts review a motion to withdraw a guilty plea under the abuse of discretion standard." (Citations omitted.) State v. Mills, 10th Dist. No. 08AP-687, 2008-Ohio-6609, ¶ 9.
 {¶ 10} Appellee argues that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty pleas because such relief was barred by the doctrines of res judicata and waiver. We agree. As we explained in State v. Brown, 167 *Page 5 
Ohio App.3d 239, 2006-Ohio-3266, ¶ 7, discretionary appeal not allowed,111 Ohio St.3d 1433, 2006-Ohio-5351:
 Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process the defendant raised or could have raised at trial or on appeal. More specifically, a criminal defendant cannot raise any issue in a post-sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal. * * *
 Crim. R. 32.1 derives from the court's inherent power to vacate its own prior orders when justice so requires. In that regard, it is comparable to Civ. R. 60(B), which contemplates equitable relief from a final order subject to certain defects. In this context, it is noteworthy that Civ. R. 60(B) relief is not a substitute for appellate review of prejudicial error. We believe that the same bar reasonably applies to Crim. R. 32.1.
 This, in effect, prevents a criminal defendant from having a second bite at the apple. If a defendant believes that the trial court has committed an error, then he should raise that error at the first possible opportunity, not in a collateral attack. The doctrine of res judicata applies to issues raised in a motion to withdraw a guilty plea in the same way that the doctrine applies to issues raised in a petition for post-conviction relief.
(Citations omitted.)
 {¶ 11} Here, appellant did not file a direct appeal from his conviction, though any defect in the indictments would have been readily apparent from the record at the time of the conviction. Accordingly, pursuant to Brown, res judicata bars him from raising the issue in his motion to withdraw his guilty pleas. Moreover, appellant waived any deficiency in the indictments by failing to object to the indictments and by pleading guilty to the offense. State v. Barton,108 Ohio St.3d 402, 2006-Ohio-1324, ¶ 73. For these reasons, appellant's first assignment of error is overruled. *Page 6 
 {¶ 12} In his second assignment of error, appellant argues that the trial court erred in failing to grant him a default judgment. There is no rule in the Ohio Rules of Criminal Procedure providing for a default judgment. Crim. R. 57(B) provides, "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." See also State v. Schlee,117 Ohio St.3d 153, 2008-Ohio-545, ¶ 10 ("[W]e hold that the plain language of Crim. R. 57(B) permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance when no applicable Rule of Criminal Procedure exists.").
 {¶ 13} Assuming, without deciding, that Civ. R. 55 is applicable here, that rule provides, "[n]o judgment by default shall be entered against this state * * * unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Civ. R. 55(D). In this case, for the reasons stated in our discussion of appellant's first assignment of error, it was apparent that appellant could not establish his right to relief. For this reason, a default judgment against appellee was not warranted. Accordingly, appellant's second assignment of error is overruled.
 {¶ 14} In his third assignment of error, appellant argues that the trial court erred in failing to grant his motion for summary judgment. Assuming, without deciding, that Civ. R. 56 applies here, appellant would only have been entitled to summary judgment in the event that he was able to "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ. R. 56(C). For the reasons stated in our discussion of appellant's first assignment of error, appellant was not *Page 7 
entitled to judgment as a matter of law. Accordingly, appellant's third assignment of error is overruled.
 {¶ 15} Having overruled all three of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN, J., concurs.
BRYANT, J., concurring separately.